### VELLORE S. S. CO., Limited, v. STEENGRAFE.

(Circuit Court of Appeals, Second Circuit.   December 14, 1915.)

#### No. 63.

WAR ⊙═10—EFFECT ON LIABILITIES—ACTION BY BROKER FOR COMMISSION—DEFENSES.

Under a time charter of a British steamship, containing a clause providing for a commission to be paid by the owner on signing of the charter to the broker procuring the same, upon the gross amount of the charter, the right of the broker to the commission is not affected by the fact that the charter was subsequently annulled by reason of the European war.

[Ed. Note.—For other cases, see War, Cent. Dig. §§ 26–36; Dec. Dig. ⊙═10.]

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Adelheid Steengrafe, as executrix of Claus Steengrafe, deceased, against the Vellore Steamship Company, Limited. Judgment for plaintiff, and defendant brings error.   Affirmed.

This cause comes here on a writ of error to review a judgment entered on the 5th day of May, 1915, sustaining the demurrer of the plaintiff to the defendant's answer and directing that she recover of the defendant, Vellore Steamship Company, Limited, the sum of $6,-036.66, being the amount demanded with interest and costs.

Convers & Kirlin, of New York City (John M. Woolsey and Cletus Keating, both of New York City, of counsel), for plaintiff in error.

Burlingham, Montgomery & Beecher, of New York City (Norman B. Beecher and E. Curtis Rouse, both of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge.   This is an action to recover a balance of commissions in the sum of $5,432 for services rendered by the plaintiff's deceased husband in procuring a charter of the British steamship Vellore to Barber & Co. of New York.   The complaint alleges: That the plaintiff's testator, Claus Steengrafe, procured for the Vellore Steamship Company, a time charter of the defendant's ship Vellore for a period of four years and three months.   That the defendant

agreed to pay for said service the sum of $7,022.70, of which sum a part only has been paid, leaving a balance of $5,432.39.

The answer sets up as a defense that on August 4, 1914, war was declared between Great Britain and Germany which nullified the charter and therefore released the defendant from paying the balance of commissions as aforesaid. This answer was demurred to by the plaintiff and the demurrer was sustained by the District Court.

We think this decision was correct. Clause numbered 25 of the charter is as follows:

"A commission of one-third of five per cent. upon the gross amount of this charter, payable by the steamship and owners, due to Theodor Ruger & Co. upon the signing hereof, steamship lost or not lost, and also upon any continuation or extension of this charter, by whom or their agents' vessel, to be reported at port of delivery."

It must be remembered that Claus Steengrafe, the plaintiff's testator, was doing business under the name of Theodor Ruger & Co. The charter party provides that the broker's commission is to be computed upon the gross amount of the charter due upon signing. What occurred after the signing did not affect the broker's right to be paid for what he expressly agreed to do, viz., procure a charter. This he did and, having done what he agreed to do, it cannot be held that he is without redress because, through no fault of his, the charter was not carried out. A broker, whether he deals in ships or real estate, when he procures the lease or charter for his employer, is entitled to be paid even if the house burns during the lease or the ship sinks or is put out of business by war during the time of the charter party. He has performed his part of the contract and is entitled to his pay. An alleged custom which directly nullifies the terms of the agreement cannot be pleaded as a defense. The commission of one-third of 5 per cent. is to be computed upon the "gross amount" of the charter which means the entire amount and not a part thereof. The agent had done all that he agreed to do and in fact, all that he could do, and we think he should not lose the stipulated compensation for his completed work because of an untoward future event for which he was not responsible and over which he exercised no control.

The judgment is affirmed with costs.