# Republic Foreign Products Co. to use *v.* Southwark Foundry & Machine Co.

*Principal and agent—Agent for sales—Commissions—Impossibility of performance of contract of sale.*

1. The nonperformance of a contract procured by a selling agent, whether due to events that have made performance impossible, or not, does not ordinarily relieve the promisor from liability to pay to the agent his commissions, though the conditions which arose might be sufficient to terminate liability as between the parties thereto; and this is so as to commissions actually earned, even though the contract becomes impossible by unexpected changes due to war.

2. A mere failure to deliver, where payment is to be made at the time of shipment, is not material, where the pleadings show a cancellation of the contract by the parties, without the assent of the agent.

*Affidavit of defense—Practice, C. P.—Omission of paper relied on—Principal and agent—Commissions.*

3. Ordinarily an affidavit of defense is to be taken most strongly against him who makes it, for the reason that having the field to himself he must be presumed to have garnered therefrom all that is beneficial to him.

4. Where a paper is an important factor in the case, and defendant attempts to set up his interpretation of it as a defense to the action, or draws therefrom alleged facts as a defense, he must attach a copy to his affidavit of defense.

5. Where a contract of sale, procured by a selling agent and known to him, stipulates that the contract is contingent upon government intervention, and the principal in a suit against it for commissions avers, in its affidavit of defense, that certain priority orders issued by the government constituted an interference with the work, the defense is insufficient, if there is not attached to the affidavit copies of the priority orders in question.

Argued January 21, 1921.    Appeal, No. 78, Jan. T., 1921, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1919, No. 740, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Republic Foreign Products Co. to use of the Barrett

Co. v. Southwark Foundry & Machine Co.   Before
Moschzisker, C. J., Walling, Kephart, Sadler and
Schaffer, JJ.   Affirmed.

Assumpsit by selling agent for commissions for pro-
curing contract.   Before Audenried, P. J.

The opinion of the Supreme Court states the facts.

The court made absolute rule for judgment for want
of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was above order, quoting it.

*Benjamin O. Frick,* with him *Prichard, Saul, Bayard
& Evans,* for appellant.—The contingency upon which
the commissions were payable by appellant to appellee,
i. e., shipment of the engines not having occurred, and
the nonoccurrence being due to a cause which, under the
contract for their delivery, excused delivery, appellee
cannot recover commissions: Lindsay & Co. v. Carbon
Steel Co., 195 Pa. 120; Kellogg v. Conklin, 6 Phila.
177; Black v. Pentony, 30 Pa. Superior Ct. 38; Hill-
man & Co. v. Joseph & Bros., 9 Pa. Superior Ct. 1.

*Percival H. Granger,* of *Reber & Granger,* for appel-
lee.—The right to a commission is not affected by the
fact that the principal and the customer, after conclud-
ing a contract, subsequently enter into an agreement
modifying its terms; nor can a broker be deprived of
his commissions by any agreement of cancellation or re-
lease made by the principal and the customer, unless the
agreement is entered into at the broker's request or with
his consent: Ryon v. Starr, 214 Pa. 318; Aikens v.
Thackara Mfg. Co., 15 Pa. Superior Ct. 250; Sherman
v. Consolidated Dental Mfg. Co., 202 Pa. 451; Lindsay
v. Carbon Steel Co., 195 Pa. 120; Restein v. McCadden,
166 Pa. 340; Sweeney v. Oil & Gas Co., 130 Pa. 193;
Folsom v. Slattery, 54 Pa. Superior Ct. 350; Cochran v.
Nirdlinger, 24 Pa. Dist. R. 477; Adams v. Cook, 200 Pa.

258; Jackel v. Nixon & Zimmerman Amusement Co., 33 Pa. Superior Ct. 30; Chicago, M. & St. Paul Ry. v. Hoyt, 149 U. S. 1.

OPINION BY MR. JUSTICE SADLER, February 28, 1921:

The Southwark Foundry & Machine Company employed the Republic Foreign Products Company to make sale of certain engines, and orally agreed to allow a commission of $11,000 for the service, viz: $1,000 on account within three months, and $1,000 upon the shipment of each of ten engines. An order was secured, as contemplated, on July 10, 1917, and on the day following the promise to compensate was confirmed by letter. A contract, the contents of which were known and assented to by the agent, was entered into between the defendant and the Downey Shipbuilding Corporation by which the terms of purchase and time of deliveries, commencing January 25, 1918, were fixed. It was stipulated: "This contract is contingent upon government intervention, accidents, strikes, fire or other delays unavoidable or beyond our control." Delays in the performance of the work contracted for occurred, due in part to war conditions, and no engines were completed prior to October 8, 1918, at which time the contract was canceled, without consent of the agent, though the defendant had then on hand ninety-nine per cent of the necessary materials, which it subsequently sold to the Downey Corporation.

The Republic Foreign Products Company assigned its claim for commissions to the Barrett Company, the present use-plaintiff, which instituted this action of assumpsit to recover the balance of compensation as provided by the agency contract. Liability was denied in the affidavit filed because payment was provided for only when the engines were shipped, and none ever were. It was further insisted that the priority orders issued by the government constituted an interference with the work, a contingency provided for in its contract with the Ship-

building Corporation, which relieved it of any duty to perform. Judgment was entered because of the insufficiency of the defenses set up.

On the facts disclosed by the pleadings at bar, it is clear the duties of the agent were fully performed when he secured the order for the engines. The sum of $1,000 was paid on account; the further provision for subsequent payments to be made at the times of shipment, was one simply for delay in settlement. The nonperformance of a contract, whether due to events that have made performance impossible, or not, does not ordinarily relieve the promisor from liability to pay commissions to the agent, though the conditions which arose might be sufficient to terminate liability as between the parties thereto; and this is so as to commissions actually earned, like those in this case, even though the performance of the contract becomes impossible by unexpected changes due to war: Vellore Steam Ship Co. v. Steengrafe, 229 Fed. 394; Walford v. L. A. R. Societe Anonyme, 34 Times L. R. 572; Vulcan Car Agency v. Fiat Motors, 32 Times L. R. 73. Nor will the mere failure to deliver, where payment is to be made at the time of shipment, be material where the pleadings show, as here, a cancellation of the contract by the parties, without the assent of the agent: Lindsay v. Carbon Steel Co., 195 Pa. 120; Aikins v. Thackara Mfg. Co., 15 Pa. Superior Ct. 250.

A further question requires consideration under the facts presented. As already noted, the contracting parties had provided for the contingency of governmental interference, and assent to this stipulation had been given by the agent at the time of the making of the promise to pay commissions. There is, however, no proper averment in the pleadings that the performance of the contract was either forbidden or prohibited by a governmental order. There is no allegation that it commandeered the plant of the defendant company, or forbade it to carry out its contract with private concerns, or, by proper order, did any act which so changed the condi-

tions as to make the carrying out of the agreement impossible, or to render it in effect a new and different undertaking.  It does not appear that the materials necessary for the manufacture of the engines could not have been secured prior to any regulation as to the purchase of supplies, or that such could not have been obtained subsequently in other than the usual course of business, though the difficulty of so doing would likely have been largely increased.  In fact, at the time of termination of the contract, ninety-nine per cent of the materials were on hand; and, under new arrangements, were sold to and paid for by the Downey Corporation.  The cancellation was upon "request" of an agency of the government, but it is not averred that such action was in the form of an order.  Taking the affidavit as a whole, there is a failure to set forth such facts as would justify the court in saying that an impossibility of performance, which would excuse the defendant, was created by government intervention: Crown Embroidery Works v. Gordon, 180 N. Y. Supp. 158.  "Ordinarily, an affidavit of defense is to be taken most strongly against him who makes it, for the reason that having the field to himself he must be presumed to have garnered therefrom all that is beneficial to him" (Moore v. Luzerne County, 262 Pa. 216, 219); and defendant has averred nothing to relieve it from the strict application of this rule.

If sufficient facts had been set forth to meet the objections suggested, yet the affidavit in the present case must be held insufficient because of the failure to attach thereto copies of the priority orders, which are referred to.  Omitting from the defendant's case these writings, the defense of governmental interference necessarily falls.  "Where the paper is an important factor in the case, and the defendant attempts to set up his interpretation of it as a defense to the action, or draws therefrom alleged facts as a defense, he must attach a copy to his affidavit": Hebb v. Kittanning Ins. Co., 138 Pa. 174, 180; Erie City v. Butler, 120 Pa. 374.  There is nothing

in the Practice Act of 1915 which alters this requirement.

An examination of the affidavit, in the light of the authorities, leads to the conclusion that it was properly held to be insufficient; but it must be understood that the cases from foreign jurisdictions are cited as authority for only the particular point in connection with which they are mentioned.

The assignments of error are overruled, and the judgment is affirmed.