## KOKUSAI KISEN KABUSHIKI KAISHA v. ARGOS MERCANTILE CORPORATION.

### SAME v. CROTOIS.

(Circuit Court of Appeals, Second Circuit. March 6, 1922.)

### Nos. 171, 172.

1. **Parties ⬥7(2)—Trustee under foreign law of the contract may sue in courts of the United States.**

The law of England, which makes the charterer, in a charter party providing that the owner shall pay a brokerage commission, trustee for the broker, with the right to sue in his behalf, gives a substantive and not a remedial right, and a charterer as such trustee, under a charter executed in England, may maintain an action thereon to recover the broker's commission in a court of the United States, in New York, under Code Civ. Proc. N. Y. § 449.

2. **Action ⬥27(1)—"Action on contract" defined.**

"Action on contract" means an action brought to enforce rights whereof the contract is the evidence, and usually the sufficient evidence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Action on Contract.]

3. **Trusts ⬥1—"Express trust" defined.**

An "express trust" is one raised and created by acts of the parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Express Trust.]

In Error to the District Court of the United States for the Southern District of New York.

Actions at law by the Argos Mercantile Corporation, as trustee for L. French & Co., Limited, and by Frederick E. Crotois, trustee for

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

L. French & Co., Limited, against the Kokusai Kisen Kabushiki Kaisha. Judgments for plaintiffs, and defendant brings error. Affirmed.

Certiorari denied 257 U. S. ——, 42 Sup. Ct. 463, 66 L. Ed. ——.

One question, and only one, is presented by both these writs, which may therefore be treated as if there were but one case. Defendant below (Kokusai, etc.) owned two steamships, which were severally time-chartered to Argos, etc., Co. and Crotois. The general form of charter was usual, and to these cases immaterial, except that each charter was duly signed, and constituted a written contract between defendant below and one of the plaintiffs (Argos Company or Crotois).

L. French & Co., Limited, is a British joint-stock company engaged in the business of brokerage; it is substantially admitted that French acted as broker in respect of each chartering, or the making of both charter parties, and both charter parties contain clauses substantially alike, of which one reads as follows: "A commission of 5 per cent. upon the gross amount of this charter, payable by the steamship and the owners, due to L. French & Co., Limited, for division upon the signing hereof, steamship lost or not lost, and also upon any continuation or extension of this charter, or on sale of vessel."

Both charter parties were made in England. The commission to French was not wholly paid, and these suits were brought by the charterers to recover the balance of commissions, and each complaint contained the following allegation: "Under the law of United Kingdom of Great Britain and Ireland, where the said charter party was made, * * * the plaintiff, by virtue of the said charter party as charterer thereunder, is a trustee for the benefit of said L. French & Co., Limited, to recover for the benefit of said L. French & Co., Limited, the commissions in and by the said charter party provided to be paid to French."

The trial judge held that the action could be maintained by these plaintiffs in a court of the United States sitting in the state of New York, and directed verdict and judgment for plaintiffs, to which defendants took these writs.

Hunt, Hill & Betts, of New York City (George C. Sprague and E. Rapallo, both of New York City, of counsel), for plaintiff in error.

Smith, Townley & Chambers, of New York City (Walter C. Noyes, Alfred H. Townley, and Henry Siegrist, all of New York City, of counsel), for defendants in error.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [2] This action is *on* a contract—a common phrase, meaning, among other things, that it is brought to enforce rights whereof the contract is the evidence, and usually the sufficient evidence. But it is not upon any contract made between French, the broker, and the defendant. There may be such a contract, but the contract in suit is between charterer plaintiff and shipowner defendant, and no one else.

It has been assumed throughout, and is obviously true, that the lex loci contractus, or what is called in Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. 102, 27 L. Ed. 104, "the law of the contract," is the law of England. Therefore the lex fori applies only to matters of remedy. For the purposes of this action defendant denies nothing, except that these plaintiffs cannot here sue to recover the claim or demand of French.

The situation presented is new in this court; though Vellore, etc., Co. v. Steengrafe, 229 Fed. 394, 143 C. C. A. 514, exhibits quite sim-

.ilar facts; but the broker there sued on a contract between himself and the shipowner. The law of England has been too recently and plainly laid down to be doubtful:

"Under long-established practice the broker in such cases in effect nominates the charterer to contract on his behalf. * * * In these cases the broker on ultimate analysis appoints the charterer to contract on his behalf, and therefore |* * * in such cases charterers can sue as trustees on behalf of the broker." Les Affreteurs, etc., v. Walford, L. R. (1919) A. C. 801, 807.

And reasons assigned are that the charterer stipulates for payment of commission, and he does so with the full consent and concurrence of the broker. The charterer makes the charter party with regard to the broker's remuneration, for and on behalf of the broker. Page 812. This very recent decision fully adopted Robertson v. Wait, 8 Ex. 299, the summary ruling in which case was that under charter parties in this common form the charterers are trustees on behalf of the broker.

The ultimate and single question in this case is whether this relation established by the law of England—i. e., by the law of the contract—is substantive law or merely a remedial incident. Substantive law is that portion of the law which creates rights and obligations. 37 Cyc. 508. The difference between a substantive right (which, of course, is part of substantive law) and a remedy is incapable of exact definition, as was said by Lowell, J., in Dexter v. Edmands (C. C.) 89 Fed. 467. This means that what is a right and what is a remedy sometimes depends upon the peculiar circumstances of particular litigation. Yet this difficulty attaches but to a remnant; most cases are plain. Thus it is assuredly true that a theory of law, a legal framework, which as a matter of law produces title in a given person, is a substantive right, resulting from substantive law; and equally is it true that, when one is by law a trustee, the name imports a legal title.

[1] Applying that idea to the present case, it is the law of England, and the law of this contract, that the charterer is a trustee for the broker. As such trustee he has legal title to the brokerage, which in and by the contract between himself and the shipowner the latter agreed to pay. Therefore such trustee may assert his legal title by suit, not as a matter of favor, not as a matter of mere remedy, but because in the legal sense he owns that for which he chooses to sue. In this view it is clear that the decision below was right, and that, no matter what may be the law of New York or of the courts of the United States in respect of the mutual relation of charterer and broker under a charter party of which the law is not English, the plaintiffs herein may assert in any court recognizing the rule of lex loci contractus their substantive rights as trustees as aforesaid. This view of the case avoids the sole defense advanced, which is that under section 449, Code Civ. Proc., the real party in interest must sue, with an exception in favor of the "trustee of an express trust."

[3] In so far as this statute governs remedies, it is, under the various conformity acts, binding in the courts of the United States sitting in the state of New York. Albany, etc., Co. v. Lundberg, 121 U. S. 451, 7 Sup. Ct. 958, 30 L. Ed. 982. But the statute does not define the

phrase "express trust"; much less does it define "trustee." It merely uses with a somewhat unusual context old terms of the law. An express trust is no more than one raised and created by the acts of the parties, as distinguished from an implied or resulting trust (Lovett v. Taylor, 54 N. J. Eq. 311, 34 Atl. 896), and this description has not been doubted since Cook v. Fountain, 3 Swans. 586, decided in 1672.

It follows that if, as matter of substantive law, plaintiffs become trustees of express trusts in Great Britain, and are such trustees in respect of property not solely subject to New York regulation, then whatever rights vested in them as such express trustees they can enforce in New York, even under the state statute, provided, always, that such enforcement is not in contravention of sound morals or declared public policy. But we ground decision on the holding that plaintiff's position as trustees, and their rights as such are parts of the substantive law of England; and we make no declaration as to what would be plaintiffs' position had these charter parties been executed in New York.

Judgment affirmed, with one bill of costs.