## Lower Merion Township School District, to use, v. George H. Evans, Inc., et al.

D. L. German, Jr., for plaintiffs; A. G. F. Curran, for defendants.

MARTIN, P. J., July 11, 1928. — The defendant, George H. Evans, Inc., entered into a contract with the School District of Lower Merion Township to construct a school building. In compliance with the requirements of the acts of assembly, George H. Evans, Inc., as principal, and the Ætna Casualty & Surety Company, as surety, executed a bond, conditioned that if George H. Evans, Inc., promptly paid, "or cause to be paid, any and all persons any and all sum or sums of money which may be due for labor or material, or both, furnished, done, performed or supplied in and about the said building or work," the obligation should be null and void; otherwise to remain in full force and virtue.

The plaintiffs furnished stone to Charles H. Orth, a sub-contractor, and the stone was used by him in the construction of the school building. Plaintiffs

364

were not paid for the stone supplied to the building, and suit on the bond was instituted by permission of the School District of Lower Merion Township, in the name of the school district, to the use of Bernard and Thomas McCabe, trading as Rock Hill Quarry, to recover the price of the stone. A statement of claim was filed stating the terms of the agreement made by plaintiffs with the sub-contractor, the quantity of stone delivered by plaintiffs and used in the building, and averring that plaintiffs have not been paid.

An affidavit of defense was filed raising questions of law, which, after argument, was held not sufficient, and defendants subsequently filed the affidavit now under consideration.

It is not denied in the affidavit of defense that plaintiffs supplied the stone, that the price charged is that which was agreed to be paid by the sub-contractor, and that the stone was used in the construction of the school building. Defendants averred that payment for the stone was made to the sub-contractor, but it is not alleged that plaintiffs were paid. The denials in the affidavit are evasive, stated on belief, but are not averred in the terms required by the authority of Buehler *v.* U. S. Fashion Plate Co., 269 Pa. 428.

The affidavit of defense is not sufficient to prevent judgment in favor of plaintiffs: Republic F. P. Co. *v.* Southwark F. & M. Co., 269 Pa. 522.

And now, to wit, July 11, 1928, the rule for judgment for want of a sufficient affidavit of defense is made absolute and judgment is entered against the defendants in favor of the use-plaintiffs, Bernard McCabe and Thomas McCabe, copartners, trading as Rock Hill Quarry, for $2606.38, with interest from June 10, 1926.