## Haire v. Hartford Accident and Indemnity Company.

*W. Albert Ramey*, for plaintiff; *Bell & Bell*, for defendant.

CHASE, P. J., Jan. 18, 1929.—This issue is before the court on a rule for more specific affidavit of defense, it being agreed between the parties that the same may be treated [as] in the nature of a demurrer to the affidavit of defense.

The plaintiff brought an action of *assumpsit* to recover for damage alleged to have been suffered by reason of an automobile accident, whereby judgment was secured against him for the sum of $150 and costs by the party with whom the accident occurred, and the plaintiff alleges that he had indemnity insurance against loss under such circumstances with the defendant company. Attached to the plaintiff's statement as Exhibit "A" is the policy of insurance.

An affidavit of defense was filed, which alleges, under the eighth paragraph, as follows: "Defendant denies that on April 15, 1928, the policy aforesaid was in full force and effect, but alleges, on the contrary, that the said policy was duly canceled by the defendant on March 24, 1928, and was not, therefore, effective on April 15, 1928."

The plaintiff files this motion requesting particulars as to the cancellation alleged to have taken place. Paragraph "H" of the policy of insurance sets forth, in so far as cancellation on the part of the insurance company is concerned, the following language: "This policy may be canceled at any time by the company by giving to the assured a five days' written notice of cancellation with or without tender of the excess of paid premium above the *pro rata* premium for the unexpired term, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand. Notice of cancellation mailed to the address of the assured stated in the application shall be a sufficient notice."

The main objection to the affidavit of defense seems to go to the allegation there is a failure to set out how such notice of cancellation was served, and

the plaintiff relies upon the case of Republic Foreign Products Co., to use, *v.* Southwark Foundry and Machine Co., 269 Pa. 522, to sustain his contentions that he is entitled to this information.

Section 5 of the Practice Act of May 14, 1915, P. L. 483, reads as follows: "Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defense, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law," etc.

In the instant case, the material fact on which the defendant relies to relieve from liability is cancellation of the policy prior to the time of the alleged damage suffered and which the defendant had provided against in the policy, and if this alleged cancellation is established by evidence, it would be a complete defense. It seems to the court that the allegation in the affidavit of defense as to cancellation is a fair demonstration of what the section of the act means when speaking of material facts, that is, setting out a fact which, if proven, would be material to the determination of the issue; that the request of the plaintiff as to date, time, place and manner of cancellation is what the act has in mind when it speaks of the evidence which the Practice Act expressly states shall not be set forth in the pleadings. It is much easier to demonstrate the distinction, possibly, between what is meant by a material fact, namely, cancellation, which, if proven, is a good defense. The proof of the cancellation which the plaintiff seeks in this motion to have set forth in the affidavit of defense is the evidence or that thing which must be established at the proper time in order to sustain the material fact raised in this issue by the affidavit of defense, namely, cancellation.

The case in 269 Pa., above referred to, holds nothing more than what section 5 of the Practice Act requires. In that case, as a matter of defense, the defendant set up certain conduct, which conduct was accomplished by a writing, and which alleged conduct in writing was a defense to the action. The court in that case said that the requiring of the filing of the written instrument on which the defense was based was not inconsistent with the Practice Act of 1915, or, rather, that there was nothing in the Act of 1915 which changed that requirement.

Section 5 of the Practice Act provides: "Every pleading shall have attached to it copies of all notes, contracts, book entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the party pleading relies for his claim, or defense, as the case may be." As we interpret that clause of the Practice Act, the contract on which the defendant herein relies is the contract provided in clause "H" of the contract of insurance or policy, and that provides that cancellation must be in writing, and as that is the defense in this case, the Practice Act requires that a copy of the contract of cancellation must be attached to the affidavit of defense, because it is the writing which the clause in the policy referred to as providing the only manner of cancellation.

As we view the law, although the written instrument of cancellation is evidence, and ordinarily would not have to be set forth as part of the pleadings, nevertheless, section 5 of the Practice Act herein referred to expressly states that where the evidence on which the claim for recovery, or on which the defense is based, is in writing [and] is a contract, a copy thereof must be attached to the pleadings. And, as in this case, where the defense relied upon discloses that it is or must be established by a written contract or notice, and, as we view it, the notice is a contract, the defendant must set forth a copy as an exhibit in compliance with section 5 of the Practice Act.

As we view the purpose of the Practice Act, it is two-fold. First, to set out material facts so as to give notice to the opposition on what the contention is based and the issue raised thereby. Secondly, for the purpose of enabling the opposition to determine from the pleadings whether or not there is a good cause of action or a defense, determined from the pleading itself; and where a material fact to sustain a contention relies and must depend upon a writing, a copy of that writing must be attached to the pleading. Inability to do so, unless material facts are averred which relieve, would prevent the sustaining of the contentions of the pleader who relies on a written instrument.

We feel that the case referred to in 269 Pa. by the petitioner herein and the case of Bell Co. *v.* Monroe Hotel Co., 73 Pa. Superior Ct. 460, referred to by the defendant herein, are not inconsistent with the conclusions herein reached.

In accordance with the findings of the court, the court will make the following order:

Now, Jan. 18, 1929, this motion for a bill of particulars being treated [as] in the nature of a demurrer, the demurrer is sustained unless the defendant file within twenty days from this date a copy of the alleged notice served of cancellation, or set forth such reasons as would relieve from filing the same.

As to the other objections raised under this motion which is treated as a demurrer, the requests are overruled and the only requirement hereunder is as to the filing of copy of the alleged cancellation.

Exceptions noted and bill sealed to the plaintiff and the defendant.

From John M. Urey, Clearfield, Pa.