MACK MEYER and Others, Constituting the First Mortgage Bond-holders' Committee, Suing on Behalf of Themselves and of All Other Holders and Owners of First and Refunding Mortgage Fifteen-Year 7% Sinking Fund Gold Bonds of WARNER SUGAR CORPORATION, Similarly Situated, Who Shall Join as Plaintiffs Herein and Contribute to the Cost and Expenses of This Action, Respondents, v. LOWRY & COMPANY, INC., and LOWRY & COMPANY, LTD., Appellants, Impleaded with BANK OF THE MANHATTAN COMPANY and THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Trustee under the First and Refunding Mortgage and Deed of Trust, Dated January 1, 1924, Made by WARNER SUGAR CORPORATION, Defendants.

First Department, May 19, 1939.

*George M. Wolfson* of counsel [*Cuthbert B. Caton* with him on the brief; *Rounds, Dillingham, Mead & Neagle*, attorneys], for the appellants.

*Louis G. Bernstein* of counsel [*Charles E. Scribner* and *Julius J. Rosenberg* with him on the brief; *Rabenold, Scribner & Miller*, attorneys], for the respondents.

GLENNON, J. This is an action for an accounting wherein, among other things, the plaintiffs question the validity of certain bonds issued by the Warner Sugar Corporation. It is unnecessary to set forth in detail the allegations contained in the complaint since the point which is to be determined is a narrow one.

It is not disputed on this motion that the plaintiff Mack Meyer, who, it is alleged, is the holder of $10,000 of Series A bonds, is a proper party to the suit. It is contended, and properly so, that the coplaintiffs, Lee S. Buckingham, Frank Ginberg, Charles A. McQueen and M. M. Matlock, constituting the First Mortgage Bondholders' Committee, should not have been joined as parties plaintiff on the ground that it appears from the complaint that they are not the real parties in interest.

It is clear from a reading of the pleading that the bondholders' committee does not own or hold any bonds or other obligations of the Warner Sugar Corporation. It is not claimed that the bondholders' committee has any assignment of any cause or causes of action belonging to the bondholders. It is alleged by the members of the committee, in substance, that pursuant to a certain agreement, they have been authorized by the holders of a substantial amount of the Series A bonds to act in the name, place and stead of the bondholders and " generally to take and institute any actions in the best interests of the bondholders." Further it is alleged that, " a substantial number of holders of said bonds have become parties to said Committee agreement and, by such proxy aforesaid, have authorized the said plaintiffs as a Committee to represent them herein."

Thus it will be seen that the members of the committee are not real parties in interest within the meaning of section 210 of the Civil Practice Act which reads as follows: " Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, a person

with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted."

In the absence of an allegation that the bondholders' committee had an assignment of the bonds or causes of action thereon, the committee could not be considered a real party in interest. (See discussion of the New York law in this respect in *Titus* v. *Wallick*, 306 U. S. 282.)

*Chase National Bank* v. *10 E. 40th Street Corporation* (238 App. Div. 370), which was cited by Special Term in denying the motion, is factually and legally dissimilar. There in a certain foreclosure suit, the members of a bondholders' committee were permitted to intervene as parties defendant, " to the end that the court may hear the parties as to the fairness of the plan of reorganization."

Under the circumstances we are constrained to hold that pursuant to rule 102 of the Rules of Civil Practice and sections 192 and 210 of the Civil Practice Act, the members of the committee should be dropped as parties plaintiff on the ground that they are not the real parties in interest.

The order, so far as appealed from, should be modified by granting the motion to drop as parties plaintiff Lee S. Buckingham, Frank Ginberg, Charles A. McQueen and M. M. Matlock, constituting the First Mortgage Bondholders' Committee, and to amend the summons and complaint by striking therefrom the names of said parties plaintiff, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Order, so far as appealed from, unanimously modified by granting the motion to drop as parties plaintiff Lee S. Buckingham, Frank Ginberg, Charles A. McQueen and M. M. Matlock, constituting the First Mortgage Bondholders' Committee, and to amend the summons and complaint by striking therefrom the names of said parties plaintiff, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants. Settle order on notice.