### CLARK et al. (OLENICK, Intervener) v. CHASE NAT. BANK OF CITY OF NEW YORK.

District Court, S. D. New York.

April 30, 1942.

On Reargument May 13, 1942.

See, also, 2 F.R.D. 94.

Arthur Butler Graham, Donald I. Peyser, and Abraham L. Pomerantz, all of New York City (Abraham L. Pomerantz, of New York City, of counsel), for plaintiffs.

Milbank, Tweed & Hope, of New York City (A. Donald MacKinnon and Einar B. Paust, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This action was instituted in the New York State Supreme Court, New York County, by the service of a summons and complaint on the defendant bank on May 24, 1937. The defendant promptly applied in the State Court for an order removing the action to this court and the case came here on July 9, 1937. The bank filed its answer to the bill of complaint on August 9, 1937. On September 26, 1940, it served on the attorneys for the plaintiff a notice of intention to amend its answer upon the trial of the action.

The original plaintiffs were a committee, known as the Bolivian Bondholders Protective Committee, and one David Gordon, a bondholder, suing on behalf of themselves and all holders of Republic of Bolivia External 25-Year Secured Refunding 8% Sinking Fund Gold Bonds. On September 28, 1938 this court signed an order permitting Henrietta Olenick, also a bondholder, to intervene as a party plaintiff.

Depositions of witnesses have been taken; discovery and inspection of documents has been had. The case has been adjourned from to time to time because plaintiffs were not ready to proceed. Recently Judge Knox set the case pre-emptorily for trial for June 2nd.

On March 24th a motion came on before me " * * * for an order for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure as to plaintiffs Bennett Champ Clark, Robert Crosser, Irving Fisher, Edmund H. Jones and Albert F. Coyle, constituting Bolivian Bondholders

Protective Committee under said Deposit Agreement, or, in the alternative, for summary judgment in favor of defendant against said plaintiffs pursuant to Rule 56(b) of the Rules of Civil Procedure * * *."

This motion is directed against the Bondholders Protective Committee and it does not affect the action by the plaintiff Gordon or the intervention of the plaintiff, Henrietta Olenick. The grounds of the motion are that the Committee does not have and cannot state a claim upon which relief can be granted (1) in that they have no title to any of the 1922 bonds and are therefore not the real parties in interest or trustees of an express trust under Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; (2) that the Committee are not members of a "class" within Rule 23(a), Federal Rules of Civil Procedure, relating to class actions; and (3) are not truly representative of the holders of the 1922 bonds.

 Article II, Section 6, and Article III, Section 5, of the Agreement of Deposit dated June 25, 1937, clearly indicate that legal title in the bonds remains with the bondholders and was not assigned to the Committee. All the Committee has is a power of attorney to institute an action. Rule 17(a), Federal Rules of Civil Procedure, is very similar to Section 210 of the New York Civil Practice Act. It has been held that a power of attorney, without an assignment, is not sufficient to meet the requirements for a "real party in interest" under Section 210. Spencer v. Standard C. & M. Corp., 237 N.Y. 479, 143 N.E. 651; Titus v. Wallick, 306 U.S. 282, 289, 59 S.Ct. 557, 83 L.Ed. 653; Meyer v. Lowry & Co., Inc., 257 App.Div. 81, 83, 12 N.Y.S.2d 177; Fowler v. Irving Trust Co.,[1] N.Y.Sup.S.T., November 27, 1940. Since the Deposit Agreement provides that legal title shall not pass to the Committee in any capacity, there is no express trust. Schenectady Trust Co. v. Emmons, 261 App.Div. 154, 25 N.Y.S.2d 230, affirmed 286 N.Y. 626, 36 N.E.2d 461; Bullard v. Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141; Kokusai Kisen Kabushiki Kaisha v. Argos Mercantile Corporation, 2 Cir., 280 F. 700; Restatement of the Law of Trusts, § 8, on the distinction between an agency and a trust.

 The language of Rule 23(a), F. R.C.P., requires that the person instituting the class action be one of the class he purports to represent. The Committee, having no title to the deposited bonds, either legal or equitable is not one of the class of bondholders entitled to bring a representative or class action against the defendant Trust Company on behalf of all the 1922 bondholders. Further, the Rule requires that the representative of the class shall be one who "will fairly insure the adequate representation of all". That would bar from class representation one who held other interests that were in conflict with those of the class.

The complaint, consisting of two separately stated causes of action, alleges four specific breaches of trust by defendant's predecessor, Equitable Trust Company of New York, and by defendant, the trustees under a trust agreement dated May 31, 1922. The bonds sued on are known as the 1922 bonds. The Committee also purports to represent holders of bonds of the Republic of Bolivia issued in 1917, in 1927 and in 1928. The four alleged breaches of trust set forth in the complaint are as follows:

(1) Failure to prevent the Republic of Bolivia from creating an additional charge or lien in favor of bonds issued in 1927 upon taxes and revenues pledged under the trust contract dated May 31, 1922, as security for the 1922 bonds;

(2) Failure to prevent the Republic of Bolivia from creating an additional charge or lien in favor of bonds issued in 1928 upon taxes, tariffs and revenues pledged under the trust contract of May 31, 1922, as security for the 1922 bonds;

(3) Rendering wholly useless and valueless certificates of stock of the Bank of the Bolivian Nation pledged as security under the trust contract dated May 31, 1922, as security for the 1922 bonds; and

(4) Receiving from the Republic of Bolivia payments in reduction of indebtedness owing to defendant by the Republic of Bolivia after the latter had defaulted in paying interest on the 1922 bonds.

Defendant calls attention to the fact that in respect to the tariffs or revenues pledged to the 1922 bondholders, a repledge of the same by the Bolivian government as security for the 1927 and 1928 bonds gives

---

[1] No opinion for publication.

rise to a conflict of interest between the 1922 bondholders and the 1927 and 1928 bondholders. This appears from the complaint. Indeed, the possibility of some such conflict is recognized in the deposit agreement itself. The footnote to Article II, Section 1 of the agreement, states: "Note:—This Committee was originally formed to protect the holders of the External 25 year Secured Refunding 8% Loan of 1922, but it has been requested by substantial holders of the other issues named to represent them as well. After careful investigation, the Committee is of the opinion that there is no real conflict of interest preventing such joint representation at the present time. In the event that in the opinion of the Committee some substantial conflict of interest might arise at some future time, it is understood and agreed that the Committee will represent the holders of the External 25 Year Secured Refunding 8% Loan of 1922 and will appoint another Committee or Committees to represent the other issues as shall be deemed wise and expedient by the Committee. The members of such new Committee or Committees shall have no interest which will prevent them from fairly and fully representing such other issues, and notice of such appointment shall be given to each of the depositors as herein provided for in Article VIII. Such Committee or Committees when so formed shall have all of the rights, powers and authority conferred upon the Committee herein and shall be subject to all pertinent provisions herein as to its duties and obligations. Any depositor hereunder shall have the right, in such event, to withdraw his deposit upon the terms and conditions provided in Article VI hereof."

I assume and expect that if the Committee is permitted to continue as a co-plaintiff in this litigation it will promptly take steps to divert itself of the conflicting interests above indicated. One cannot be a representative of a class instituting litigation on behalf of all other members of the class unless his interests are theirs. A conflict in interest destroys the representative character of his action. It "does not afford that protection to absent parties which due process requires". Hansberry v. Lee, 311 U.S. 32, 45, 61 S.Ct. 115, 120, 85 L.Ed. 22, 132 A.L.R. 741.

If this motion had been made several years ago, I should have been inclined to grant some relief, at least to the extent of dropping the Committee as a party plaintiff under Rule 21, F.R.C.P. This was the form of relief granted by the Appellate Division, First Department, in Meyer v. Lowry & Co., Inc., supra, under a similar provision of the N.Y. Civil Practice Act, Sec. 192. Our Rule 21 provides: "Rule 21. Misjoinder and Non-Joinder of Parties. Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

Because of defendant's delay in making this motion I believe that the Committee should not be dropped as a party plaintiff, on the eve of the trial and after the case has been pending almost five years.

It has been held that an objection that the plaintiff is not the real party in interest under Section 210, N. Y. Civil Practice Act, similar to Rule 17(a) F.R.C.P., may be waived by a defendant "failing to take its objection by motion before trial". Porter v. Lane Constr. Corp., 212 App.Div. 528, 209 N.Y.S. 54, '57, affirmed 244 N.Y. 523, 155 N.E. 881. This was referred to, without disagreement, by the Circuit Court of Appeals of this Circuit in Rosenblum v. Dingfelder et al., 2 Cir., 111 F.2d 406. Here we have the further fact that the Committee is at best only a co-plaintiff with others in this class action. The misjoinder of parties will be harmless, if the Committee rids itself of any possible conflicting interest. Defendant's motion is denied, on that condition. Settle order on two days' notice.

### "On Reargument."

The basic question here is this: Is the Committee the real party in interest or are the bondholders, from whom the Committee holds a power of attorney, the real parties in interest? One or the other has the right to bring this class action. Has the Committee the capacity to sue? Rule 17, Federal Rules of Civil Procedure, is entitled: "Parties Plaintiff and Defendant; Capacity". Subdivision (a) is entitled "Real Party in Interest" and provides in part: "Every action shall be prosecuted in the name of the real party in interest; * * *"

Subdivision (b) provides: "Capacity to Sue or Be Sued. The capacity of an in-

dividual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; * * *."

Neither the answer nor the proposed amended answer in this case contains any averment raising an issue as to the capacity of the Committee to bring this representative action. Rule 9(a) F.R.C.P., provides: "When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

The defendant has not complied with the above-quoted provisions of the Rule.

■ I have held that the Committee is not, in fact, the real party in interest, because the Committee has not either legal or equitable title to the bonds, but only a power of attorney to bring the suit. However, that is a defect which a defendant may waive by extreme dilatoriness. See Meyer v. Lowry & Co., Inc., 257 App.Div. 81, 83, 12 N.Y.S.2d 177, apparently not disapproved in Rosenblum v. Dingfelder et al., 2 Cir., 111 F.2d 406. I have held that a delay of over four years in making the motion, challenging the Committee's status as the real party in interest, is a waiver of that objection. Porter v. Lane Constr. Corp., 212 App.Div. 528, 209 N.Y.S. 54. For the purposes of the further conduct of this litigation, the Committee stands in the same position as if it had title to the bonds, was the real party in interest, and had capacity to bring this class action.

■ The class action is recognized under Sec. 195, N. Y. Civil Practice Act. It was just such a class action as this that the plaintiff in Meyer v. Lowry & Co., Inc., supra, instituted in the New York Supreme Court. Our Federal Rule 23(a) as to class actions is very similar to §·195, N.Y. C.P.A. If, in a class action, a defendant wishes to raise an issue as to the right of plaintiff to bring the class action on the ground that the plaintiff is not the real party in interest, he should do so with reasonable promptness.

■ Rule 17(a) requiring the prosecution of actions "in the name of the real party in interest" applies to "every action". This would include class actions under Rule 23(a), F.R.C.P. If the requirement of Rule 17(a) can be waived by dilatoriness, there is no reason why the waiver should not be effective in the type of action described as a class action in Rule 23(a). The Federal Rules of Civil Procedure·are to be "construed to secure the just, speedy, and inexpensive determination of every action". Rule 1. Every purpose thus avowed is served by the denial of this motion. I see no reason to change my ruling. Defendant's motion for a re-argument is denied.