■ ANDREW S. SARDANIS, as Assignee of RST RESOURCES, INC., Respondent-Appellant, and RST RESOURCES, INC., Intervenor-Appellant-Respondent, v SUMITOMO CORPORATION et al., Appellants. [723 NYS2d 466] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered August 15, 2000, which denied defendants' motion for summary judgment, granted intervenor-plaintiff's motion to intervene but denied its motion to dismiss plaintiff as a named party, unanimously modified, on the law, to the extent of granting defendants' and intervenor-plaintiff's respective motions to dismiss, and otherwise affirmed, with costs to defendants-appellants payable by plaintiff. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff, Andrew S. Sardanis, is the former chairman of the board of directors of intervenor-plaintiff RST Resources, Inc., a commodities trading company incorporated in New York. ITM International was the parent corporation of ITM Corporation, which wholly owned RST. Blauinsel Stiftung, a Liechtenstein trust established to benefit plaintiff and his family, owned 49.9% of ITM International. The other 50.1% was owned by people or entities other than Blauinsel or plaintiff's immediate family. Defendants are former employees of RST who created a competitive company, Global Minerals and Metals Corporation, also a defendant, and a Japanese company, Sumitomo Corporation and its American subsidiary Sumitomo Corporation of America.

On March 25, 1995, plaintiff and his son, Harry Sardanis (former executive vice-president and director of RST), executed an assignment (the 1995 assignment) of all of RST's legal claims against defendants to the Blauinsel trust. Although executed on behalf of RST, the other three directors of RST were not informed about the assignment.

Pursuant to the assignment, on February 16, 1999, Blauinsel commenced an action in the United States District Court for the Southern District of New York against the same defendants in this action alleging, among other things, violations of Federal and State statutes prohibiting the restraint of trade. The Federal litigation came to an end on July 12, 1999, when Blauinsel filed a notice of dismissal in time to avert the depositions of three Blauinsel trustees, and then assigned the RST claims to plaintiff. Three days later, plaintiff commenced this action alleging bribery, breach of fiduciary duty, inducement of breach of fiduciary duty, fraud and unjust enrichment.

The IAS court denied defendants' motions for a stay based upon the pendency of sanctions in connection with the withdrawal of the Federal action, and, except for the unjust enrichment claim, for summary judgment.

On appeal, this Court (279 AD2d 225) dismissed the complaint against Sumitomo and its American subsidiary, dismissed the causes of action alleging commercial bribery and fraud, and affirmed the denial of the motion for a stay. Before the appeal was heard, defendants again moved for summary judgment, this time arguing that plaintiff is not the real party in interest and thus lacked standing to pursue claims on behalf of RST, mainly because the 1995 assignment was void, not having been approved in accordance with sections 909 and 713 of the Business Corporation Law, and was champertous. At the same time, RST sought to intervene and have Sardanis dismissed as a named party, also arguing that the assignment was void.

Despite finding "ample factual support" that the 1995 assignment failed to comply with Business Corporation Law §§ 909 and 713, a fact plaintiff did not dispute in his opposing papers, the IAS court denied summary judgment to defendants. According to the court, factual circumstances surrounding the sale of RST and its delay in asserting ownership raised potential defenses of estoppel, waiver, and laches. The court also denied RST's motion to dismiss plaintiff as a named party, but granted its motion to intervene. Defendants' and intervenor-plaintiff RST's motions should have been granted.

Initially, plaintiff's argument that defendants lack standing to contest the validity of the 1995 assignment is unavailing. To be a real party in interest, an assignee "must have some title, legal or equitable, to the thing assigned" (*Spencer v Standard Chems. & Metals Corp.*, 237 NY 479, 481, citing *Hays v Hathorn*, 74 NY 486). While defendants may not inquire into "[t]he consideration paid, the purpose of the assignment, the use to be made of any proceeds collected" (*id.*, at 481), they may contest the legality of "the making and delivery of the assignment" in arguing that a plaintiff is not a real party in interest (*Sheridan v Mayor of N. Y.*, 68 NY 30, 32). If the assignment was legally made and delivered, defendants would be protected against any claims made by the assignor in the event they paid a judgment to the assignee (*Sheridan v Mayor of N. Y.*, 68 NY 30). Here, defendants maintain that since the assignment failed to comply with the Business Corporation Law, it was void, and thus not legally made and delivered. RST, the purported assignor, also maintains that the assignment was

void, and that plaintiff should be dismissed as a party plaintiff. Plaintiff does not deny that RST has standing to contest the validity of the assignment.

Turning to the merits, as the IAS court found, and plaintiff did not dispute, the 1995 assignment was void because of a failure to comply with the Business Corporation Law. Under Business Corporation Law § 909 (a), the transfer of "all or substantially all" of a corporation's assets that falls outside the ordinary scope of a corporation's business must first be approved by the board of directors, and a two-thirds majority of the shareholders. Under Business Corporation Law § 713, a self-dealing transaction not approved by the board of directors and the shareholders and not shown to be "fair and reasonable" to the corporation is void. In this case, without approval of three of the five-person board of directors and the shareholders, plaintiff and his son, in a transaction that was outside the scope of RST's usual or regular course of business (commodities trading), caused RST to assign legal claims constituting "all or substantially" all of RST's assets at that time, to an entity (Blauinsel) in which plaintiff and his son had a substantial financial interest. Under these circumstances, the lack of approval from the board as well as shareholders rendered the assignment void (*see, Highland Views v Gerdts*, 190 AD2d 954; *Ench v Breslin*, 241 AD2d 475).

Having intentionally obtained the assignment by means of surreptitious conduct in violation of statutory requirements, plaintiff's unclean hands preclude him from relying on equitable defenses such as estoppel (*see, Matter of Walls v Levin*, 150 AD2d 873 [" '(e)quitable estoppel prevents one from denying his own expressed or implied admission which has in good faith been accepted and acted upon by another' " (citation omitted)]). To allow plaintiff to rely on equitable estoppel would turn the doctrine on its head since it would mean that plaintiff innocently relied on his own deceitful conduct. In addition, equitable defenses are unavailable when the rights being pressed by a party are based upon a void document (*see, Draper v Georgia Props.*, 230 AD2d 455, 459-460, *affd* 94 NY2d 809).

The record reveals that RST immediately brought a motion to dismiss plaintiff as a party-plaintiff upon learning of the invalid assignment. There is no evidence that RST waived any rights or that it is guilty of unreasonable delays.

Plaintiff is not a real party in interest and should have been dismissed as a party plaintiff (CPLR 1003; *Meyer v Lowry & Co.*, 257 App Div 81) because it received no rights from Blauinsel, which had none to give, as the 1995 assignment was void.

Summary judgment dismissing the complaint against the remaining defendants should also have been granted.

In view of the foregoing, we need not reach the issue of whether the 1995 assignment was champertous. Concur—Sullivan, P. J., Rosenberger, Williams, Mazzarelli and Friedman, JJ.