■ BEAR POND TRAIL, LLC, et al., Appellants, v AMERICAN TREE COMPANY, INC., et al., Respondents. (Action No. 1.) (And Another Related Action.) [876 NYS2d 571]—

Malone Jr., J. Appeals (1) from an order of the Supreme Court (Krogmann, J.), entered October 10, 2007 in Warren County, which determined that the sale of certain real property was void as a matter of law, and (2) from an order of said court, entered November 5, 2007 in Warren County, which declared the resulting deeds to be null and void.

At issue in these two related actions is whether the conveyance by defendant Stranahan Industries, Inc.[1] of a certain parcel of real property located in the Town of Queensbury, Warren County to defendant South Bay Realty, LLC[2] was void due to Stranahan Industries' noncompliance with Business Corporation Law § 909, or if the statutory formalities were dispensed with as a result of the manner in which that corporation had conducted itself during the previous two decades. Supreme Court concluded that the conveyance was void due to Stranahan Industries' failure to comply with Business Corporation Law § 909. We agree.

Business Corporation Law § 909 (a) (3) provides that where a corporation wishes to sell substantially all of its assets, and such sale would be outside the scope of the corporation's regular course of business, the proposed sale shall be submitted to a vote at a meeting of the shareholders who may approve it by a two-thirds majority. Significantly, the statute provides that notice of the meeting shall be given to each shareholder of record, whether or not the shareholder is entitled to vote (*see* Business

---

1. Stranahan Industries, Inc. is a defendant in action No. 2.
2. South Bay Realty, LLC is a defendant in action No. 2.

Corporation Law § 909 [a] [2]). The written notice shall include the date, time and location of the meeting, as well as an advisement that dissenting shareholders have a right to receive payment for their shares (*see* Business Corporation Law §§ 605, 623, 910 [a] [1] [B]). The purpose of these requirements is to protect the interests of the minority shareholders (*see Matter of Timmis*, 200 NY 177, 181 [1910]; *Leslie, Semple & Garrison v Gavit & Co.*, 81 AD2d 950, 951 [1981]).

The parties do not dispute that the property at issue constituted substantially all of Stranahan Industries' corporate assets, that at the time of the sale David Stranahan owned more than two thirds of the shares of that closely-held corporation, with certain family members owning the remaining shares, and that on December 16, 2004, David Stranahan, acting alone, executed deeds from the corporation conveying the property to South Bay Realty. This conveyance was made without any prior shareholder meetings at which the minority shareholders were present or any corporate resolution authorizing the transfer. The minority shareholders, arguing that the transfer was made without their consent and in violation of Business Corporation Law § 909, seek recision of the sale and the imposition of a constructive trust. The question is whether they are now estopped from relying upon the formal requirements of the Business Corporation Law because David Stranahan operated the corporation in disregard of such requirements for many years with the acquiescence of the minority shareholders. While the record reflects that, shortly after the corporation was formed, David Stranahan dispensed with many corporate formalities, including, for example, holding annual shareholder meetings (*see* Business Corporation Law § 602), periodically electing members of the board of directors (*see* Business Corporation Law § 703) and obtaining the authorization of the board of directors for certain loans (*see* Business Corporation Law § 911), without objection by any shareholder, we nevertheless find no legal basis for disregarding the requirements of Business Corporation Law § 909 under the circumstances presented here.

We note that the language of the statute at issue is mandatory in nature as it clearly provides that "[t]he board *shall* authorize the proposed sale . . . and direct its submission to a vote of shareholders," and further that "[n]otice of meeting *shall* be given to each shareholder of record, whether or not entitled to vote" (Business Corporation Law § 909 [a] [1], [2] [emphasis added]). As such, we must give effect to its plain terms (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 76, at 168). Moreover, the case law illustrates that the courts have

strictly construed the statutory requirements of Business Corporation Law § 909 (*see e.g. Collins v Telcoa Intl. Corp.*, 283 AD2d 128, 132 [2001]; *Sardanis v Sumitomo Corp.*, 282 AD2d 322, 323 [2001]; *Bouton v Thomas Bros. Sales Corp.*, 179 AD2d 612, 613 [1992]). Strict construction of these provisions is necessary to preserve the rights of those shareholders who wish to object to the sale and have their shares appraised and bought by the corporation (*see* Business Corporation Law §§ 623, 910 [a] [1] [B]). Furthermore, we are unpersuaded that the doctrine of estoppel should be applied to reach a contrary result under the particular circumstances presented here (*compare Woody's Lbr. Co., Inc. v Jayram Realty Corp.*, 30 AD3d 590 [2006]; *Leslie, Semple & Garrison v Gavit & Co.*, 81 AD2d 950 [1981], *supra*; *Haff v Long Is. Fuel Corp.*, 233 App Div 117 [1931]). We have considered the parties' remaining contentions and find them to be unavailing.

Cardona, P.J., Mercure, Rose and Kavanagh, JJ., concur. Ordered that the orders are affirmed, with costs.