M.L.C. Constr., Inc. v Hui Ru Zhang (2018 NY Slip Op 03932)





M.L.C. Constr., Inc. v Hui Ru Zhang


2018 NY Slip Op 03932


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


6761 300251/12

[*1]M.L.C. Construction, Inc., et al., Plaintiffs-Respondents,
v
Hui Ru Zhang, et al., Defendants-Appellants, Regina Palazzo, et al., Defendants.


Mitchell Pollack & Associates, PLLC, Tarrytown (Eileen M. Burger of counsel), for appellants.
The Law Firm of William G. Sayegh, P.C., Carmel (Michael B. Karlsson II of counsel), for respondents.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about July 9, 2016, which, in this action where plaintiffs challenge the sale of certain properties, denied the motion of defendants purchasers Hui Ru Zhang, Zhi Ming Zhang, Yee Ching Li and Guang Yao Li (collectively defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
"A bona fide purchaser or encumbrancer for value is protected in its title unless it had previous notice of the fraudulent intent of its immediate grantor" (Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465, 465 [1st Dept 2010]; Real Property Law § 266). The protections of Real Property Law § 266, however, apply only to fraud situations that are voidable, not those that are void (see Fan-Dorf Props., Inc. v Classic Brownstones Unlimited, LLC, 103 AD3d 589, 590 [1st Dept 2013]). In addition, violations of Business Corporation Law § 909(a), which applies to the "sale, lease, exchange or other disposition of all or substantially all the assets of a corporation, if not made in the usual or regular course of the business actually conducted by such corporation," have been held to void a transaction (see Bear Pond Trail, LLC v American Tree Co., Inc., 61 AD3d 1195 [3d Dept 2009]; see also Theatre Dist. Realty Corp. v Appleby, 117 AD3d 596 [1st Dept 2014], lv denied 25 NY3d 907 [2015]).
Here, defendants point to the certificate of incorporation of plaintiff M.L.C. Construction, LLC (MCL) which, they argue, does not specifically prohibit the corporation from selling real estate, and to the minutes of MCL's first board meeting, in which it was resolved, upon motion, that the corporation would "purchase property for the construction and resale of homes at premises known as 526-530 Logan Avenue, Bronx, New York." However, Business Corporation Law § 909(a) applies to sales "not made in the usual or regular course of the business actually conducted by such corporation." Since MLC derived all of its income from the rental of three [*2]homes on Logan Avenue, the transaction may not have been in the usual and regular course of business actually conducted by MLC. Triable issues also exist as to whether such sales constituted all or substantially all of MLC's assets.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK