Haruvi v Hungerford (2024 NY Slip Op 06154)

Haruvi v Hungerford

2024 NY Slip Op 06154

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 651033/23 Appeal No. 3202-3203 Case No. 2024-00852, 2024-03659 

[*1]Michelle Haruvi, Plaintiff-Appellant,
v
Peter Hungerford et al., Defendants-Respondents, John and Jane Does, Defendants, Simry Realty Corp. Nominal-Defendant-Respondent.

K&L Gates LLP, Harrisburg, PA (David R. Fine of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for appellant.
Cole Schotz P.C., New York (Brian L. Gardner of counsel), for Peter Hungerford, Arthur Haruvi, 315W54 Owner LLC, 311W54 Owner LLC, 309W54 Owner LLC, 313W54 Owner LLC, 38W75 Owner LLC, 244W74 Owner LLC, 54W75 Owner LLC and Simry Realty Corp., respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 16, 2024, which granted defendants' motions to dismiss the complaint, and denied plaintiff's cross-motion for summary judgment on the first and eighth causes of action, and order, same court and Justice, entered April 26, 2024, which cancelled certain notices of pendency, unanimously modified, on the law, to deny defendants' motions to dismiss and to cancel the notices of pendency, and otherwise affirmed, without costs.
Plaintiff is a minority shareholder of Simry Realty Corp. She alleges that defendants violated Business Corporation Law § 909, which prohibits the sale of all or substantially all of a business' assets, other than in the regular course of business, without certain procedural protections, including notice to each shareholder of record. The transaction at issue here divested Simry of its real property assets and left it with a 10% indirect ownership stake in those properties. We agree with plaintiff that this transaction was a sale or disposition subject to Business Corporation Law § 909(a) (see Barasch v Williams Real Estate Co., Inc., 33 Misc 3d 1219[A], 2011 NY Slip Op 51979[U], *7 [Sup Ct, NY County 2011], affd 100 AD3d 562 [2012]). Furthermore, given that Simry's sole business had been the ownership and operation of the residential properties, the sale of the properties was not in the ordinary course of its actual business, regardless of the fact that the certificate of incorporation provided that it could engage in real estate sales (see M.L.C. Constr., Inc. v Hui Ru Zhang, 162 AD3d 410, 410-411 [1st Dept 2018]). In addition, as the motion court acknowledged, there are issues of fact as to what information plaintiff received about the transactions. Therefore, neither side was entitled to judgment on the causes of action under Business Corporation Law § 909. Accordingly, the notices of pendency should not have been cancelled at this stage.
Contrary to defendants' assertion, at this stage of the litigation, plaintiff may still seek rescission. Where, as here, the underlying transaction is alleged to be in violation of Business Corporation Law § 909, a shareholder is not limited to appraisal rights as a remedy (see Alpert v 28 Williams St. Corp., 63 NY2d 557, 568 [1984]). Moreover, transactions in violation of Business Corporation Law § 909 are not voidable but void (see Sardanis v Sumitomo Corp., 282 AD2d 322, 324 [1st Dept 2001]).
The court also erred in finding that defendant Peter Hungerford could not be personally liable because he executed the transaction documents in his corporate capacity. Plaintiff alleges his personal participation in aiding and abetting breach of fiduciary duty and slander of title. Such personal participation is not insulated from
liability simply because defendant was also acting as a corporate officer (see Peguero v 601 Realty Corp., 58 AD3d 556, 558-559 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER OF THE [*2]SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024