Henry Clay Greenberg, J.
Plaintiff instituted this action on December 22, 1953 to enjoin the defendant from violating the provisions of sections 369-a et seq. of the General Business Law. It obtained a temporary restraining order on January 21, 1954, which provided, among other things, as follows: “ Ordered, that upon the filing by plaintiff of a surety company bond in the sum of $500.00, signed by a Justice of this Court, defendant, Masters, Inc., its officers, agents, employees, and all persons acting under the authority or control of said defendant be and the same hereby are restrained and enjoined during the pendency of this action and until entry of final judgment herein from advertising, offering for sale or selling, at retail, cameras, films, and various other photographic supply items manufactured and sold by plaintiff and bearing plaintiff’s trademarks, brands and name, all as more particularly described in the affidavits of the moving party and in the complaint, at prices below the minimum retail resale prices established for each of said commodities by the plaintiff within the State of New York or at such prices as may hereafter be established for said commodities by the plaintiff.”
The present motion is predicated upon the claim that the defendant is violating this order in that it persists in advertising and offering for sale at retail, cameras, films and various other photographic supply items manufactured and sold by *186 plaintiff and bearing its trade-marks, etc., at prices below the minimum retail resale prices established therefor, pursuant to plaintiff’s fair-trade contracts. Specifically, the plaintiff urges that the defendant has not made a direct assault on the order but has embarked on a subterfuge to avoid its provisions in the following manner: Defendant has a sister corporation which is owned by the same stockholders as the defendant herein and controlled by them from the defendant’s offices in New York City. This sister corporation is known as Masters Mail Order Co. of Washington, D. C., Inc.
There is no Fair Trade Law in the District of Columbia and the corporation there situated has been engaged in the practice of advertising and offering for sale fair-traded merchandise in the State of New York by sending advertising into this State and selling mail order business from this State. What the defendant accomplishes, according to the undisputed affidavits offered by plaintiff, is that the defendant corporation covertly aids and abets its sister corporation in Washington to avoid the Fair Trade Law of this State by offering for sale and advertising the plaintiff’s products for sale at retail at below the minimum retail prices stipulated by plaintiff, in violation of the order of January 21,1954.
These offerings and this advertising are brought about by agents of the defendant in handing to selected customers in New York advertising material and order blanks of the Washington store, which lists a variety of plaintiff’s products together with the legends “ list price ” and “ your price ”. Exhibit B, which is attached to the moving affidavit, reveals a combination of an order blank and price list which announces to the customers in a New York store that Masters Mail Order Co. of Washington, D. C., Inc., brings gigantic discounts on all fair-traded brands of merchandise that are being sold only at list prices in 45 States.
Also attached to the moving affidavit are affidavits of several shoppers. In substance, these show that when the customer sought to purchase a Kodak, the clerk would state that no discount could be allowed, as it is a fair-traded item, but when the clerk was confronted with the shopper’s “ discount card ”, the clerk would instruct her to go to the next counter where she would receive an order blank for Washington, stating that she could send for the Kodak to Washington at a substantial discount. The shopper thereupon obtained an order blank at one of the counters in the defendant’s store.
It is these activities on the part of the sales force of the defendant that plaintiff claims constitute a violation of the order *187 of January 24, 1954. The court is in accord. The language of the decree is broad enough to enjoin the defendant from making such offerings or distributing such advertising, not only for its own account, but also for the account of its related concern, namely, Masters Mail Order Co. of Washington, D. C., Inc. The entire thrust of defendant’s opposition is directed against an issue not tendered by the motion, to wit, that plaintiff is seeking to punish the defendant for activity of the Washington corporation as a violator of the order of this court, dated January 21, 1954.
It seems clear to this court that, aside from the ability of Masters Mail Order Co. of Washington, D. C., Inc., to undermine the order of this court in the manner hereinbefore referred to, Masters, Inc., the defendant herein, may not, in violation of the order of this court, assist in the activity of the Washington concern. It is also clear that the defendant in this State is offering for sale, on behalf of Masters Mail Order Co. of Washington, D. C., Inc., products of the plaintiff below the established fair-trade retail resale prices. Indeed, this constitutes an advertising in New York and thus a violation of the order of this court. To reach this conclusion, it is unnecessary to decide where the sale actually takes place or the actual relationship between the defendant here and Masters in Washington. The fact that the defendant here has advertised and offered for sale Eastman Kodaks below the prices is sufficient to constitute a violation of the order.
Accordingly, the defendant is found guilty of contempt and is fined the sum of $250 and a counsel fee in like amount. Settle order.