**SUNBEAM CORPORATION, Plaintiff,**

v.

**MASTERS, Inc., Defendant.**

United States District Court
S. D. New York.

Dec. 30, 1957.

Rogers, Hoge & Hill, New York City,
George M. Chapman, New York City,
of counsel, for plaintiff.

Arnold, Fortas & Porter, Washington,
D. C., Norman Diamond, Washington,
D. C., of counsel, and Joseph F. Rug-
gieri, Brooklyn, N. Y., for defendant.

WEINFELD, District Judge.

Reference is made to the Court's
earlier opinion on an application by the
plaintiff to punish the defendant for
contempt of court for violation of the
injunctive provisions of a final decree,
entered by consent, which enjoined the
defendant from selling or offering for
sale plaintiff's products in violation of
New York State's Fair Trade Law.[1]
Sunbeam Corporation v. Masters, Inc.,
D.C., 124 F.Supp. 155.

As the opinion indicates a factual con-
flict existed as to the circumstances of
the organization by the defendant of a
wholly owned subsidiary in the District
of Columbia, a non-fair trade jurisdic-
tion, and also the circumstances under
which sales were made by it to New
York residents and participated in by
the defendant. Accordingly, final deci-
sion was withheld pending an inquiry
into these matters and in particular into
the circumstances of sales to New York
residents by the subsidiary, Masters
Mail Order Co. of Washington, D. C.

The parties in a desire to avoid hear-
ings before a special master on the
factual issues, agreed to stipulate the
facts; it took almost two years before
they reached an accord.

In the meantime, our Court of Ap-
peals had under consideration, and has
since decided, an action brought against
the subsidiary. General Electric Co. v.
Masters Mail Order Co. of Washington,
D. C., 2 Cir., 244 F.2d 681, certiorari

1. N. Y. General Business Law, McKinney's Consol.Laws, c. 20, § 369–a et seq.

denied 78 S.Ct. 32. The facts there presented are substantially identical with those presented on the instant application. The very mail order house operation shown here, including the present defendant's participation therein to the extent, and in the manner, stated in the stipulation of facts entered into by the parties herein, was passed on in that case. It was urged there, as it is here, that this operation was a mere device conceived to circumvent the New York Fair Trade Law. The Court of Appeals rejected this contention and held that the critical and operative acts took place in the District of Columbia, a free trade jurisdiction, and were, therefore, beyond the reach of the New York Law. In short, the Court held that the acts complained of were not violative of New York State's Fair Trade Law with respect to goods moving in interstate commerce where the sales were consummated in a non-fair trade jurisdiction such as the District of Columbia; that the McGuire Act, 15 U.S.C.A. § 45(a) granting certain exceptions to Sherman Act, 15 U.S.C.A. § 1 et seq., prohibitions against resale price maintenance agreements did not extend to such interstate transactions.

The General Electric case is thus an authoritative determination that the activities of the mail order house as revealed in the record now before the Court, do not violate the New York Fair Trade Law. The plaintiff insists, however, that notwithstanding the lawful character of these activities, nevertheless the defendant in so far as it furthered them, violated the injunction herein. It is true that the defendant, the parent corporation, Masters, Inc., was not a party to the General Electric suit. However, the close relationship with its subsidiary, the mail order house, was fully established, and, as already mentioned, heavily relied on by

General Electric in support of its position. The absence of the parent corporation, the defendant herein, as a formal party in the General Electric suit cannot obliterate the plain fact that this defendant's part in the mail order house operation was taken into account and was held not to alter the legal effect of that operation.

■ The injunctive provisions of the final decree are to be read in context. It must not be forgotten that the original action was brought to enforce the plaintiff's rights under the New York Fair Trade Law. The relief sought and given within the framework of that law was the suppression of acts forbidden, not of those permitted, by it. So construed, the injunction must be held limited to those activities which violated the New York Fair Trade Law. It having been determined that the conduct here charged as a contempt does not violate that law, it follows that it is not within the prohibition of the injunction. An injunction framed in terms of the statute upon which it is based adds nothing to the command of the statute.[2] This is particularly so in a contempt proceeding.[3] As the Supreme Court has said: "In contempt proceedings for its enforcement, a decree will not be expanded by implication or intendment beyond the meaning of its terms when read in the light of the issues and the purpose for which the suit was brought, and the facts found must constitute a plain violation of the decree so read".[4]

The scope of the holding in the General Electric case is such that I am of the view there is no basis upon which to bottom a contempt of this Court's decree by reason of the organization of the subsidiary and the sales made by it and participated in by the defendant upon which the plaintiff's present motion was founded—activities found not

2. Douds v. I. L. A., 2 Cir., 224 F.2d 455, 460, certiorari denied 350 U.S. 873, 76 S.Ct. 117, 100 L.Ed. 772.

3. Terminal R.R. Ass'n of St. Louis v. United States, 266 U.S. 17, 45 S.Ct. 5, 69 L.Ed. 150; Douds v. Local 1250, 2

Cir., 173 F.2d 764, 768, 9 A.L.R.2d 685; Star Bedding Co. v. Englander Co., 8 Cir., 239 F.2d 537.

4. Terminal R.R. Ass'n of St. Louis v. United States, 266 U.S. 17, 29. 45 S.Ct. 5, 8, 69 L.Ed. 150.

to offend New York State's Fair Trade Laws. This conclusion avoids the anomaly of a ruling that acts which could not have been enjoined in the first instance may nonetheless be adjudged violative of the injunction herein and punished as a contempt.

■ The plaintiff has urged the case of Eastman Kodak Co. v. Masters, Inc., 7 Misc.2d 185, 153 N.Y.S.2d 433, wherein under substantially the same facts as here presented, it was held that mere advertising and offering for sale was a violation of an identical decree of the New York State Supreme Court. However, the authority of the case is undermined by the holding in the General Electric case that the New York statute is necessarily limited by the McGuire Act with respect to interstate transactions where the sale is consummated in a free trade jurisdiction. Plaintiff urges the continuing authority of the Eastman Kodak case on the ground that jurisdiction in the instant case rests upon diverse citizenship and accordingly, the federal court is bound by the state court interpretation of a state statute, However, the state statute derives its authority from the federal statute, the McGuire Act, and in any conflict between the two the federal law prevails. The limitation the McGuire Act places on state fair trade laws is not determined by the state courts; on the contrary on this issue federal law is supreme.[5] It is also noted that Judge Clark in the General Electric Co. case was of the view that apart from the controlling effect of the McGuire Act, the Courts of the State of New York would reach the same result by application of the conflicts rule.[6]

Whatever loopholes now exist in so far as enforcement of state trade fair laws are concerned is a subject for the legislature and not for the courts. Indeed, the McGuire Act was enacted in an effort to close the gap in the Miller-Tydings Law, which followed the rul-

ing in Schwegmann Bros. v. Calvert Distillers Corp., 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035.

The application to adjudge the defendant in contempt is denied.

---

5. Gibbons v. Ogden, 9 Wheat. 1, 6 L.Ed. 23; Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967; Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165.

