U. S. PIONEER ELECTRONICS CORP., Appellant-Respondent, v. DISTRICT SOUND, INC., Respondent-Appellant, et al., Defendants.

First Department, March 11, 1975.

*William A. Fenwick* of counsel (*Richard D. Gaines* and *Edward R. Hearn* with him on the brief; *Davis, Stafford, Kellman & Fenwick*, attorneys), for appellant-respondent.

*Edwin E. McAmis* of counsel (*Douglas Foster, Martin S. Kaufman, Peter Brown* and *Herman Golden* with him on the brief; *Lovejoy, Wasson, Lundgren & Ashton*, attorneys), for respondent-appellant.

STEVENS, J. P. These are cross appeals by U. S. Pioneer Electronics Corp., plaintiff-appellant-respondent (herein plaintiff) and District Sound, Inc., defendant-respondent-appellant (herein defendant), from an order entered November 21, 1974, in New York County. Plaintiff appeals from so much of the order as denied its motion for an injunction *pendente lite* to enjoin defendant from advertising, offering for sale or selling plaintiff's products below their fair trade prices. Defendant cross-appeals from the portion of the order which denied its cross motion for an order dismissing the complaint pursuant to CPLR 3211 (subd. [a], par. 7) or, alternatively, for summary judgment pursuant to CPLR 3212.

Plaintiff, the exclusive United States distributor of Pioneer branded high fidelity equipment which it markets through franchised dealers, sought to enjoin defendant from selling its fair trade products at less than their fair trade prices in violation of section 369-a of the General Business Law and for damages.

Defendant, a District of Columbia corporation which sells over the counter and by mail order, became a franchised dealer May 19, 1971, and entered into a fair trade agreement with plaintiff. Defendant's store premises are located in the District of Columbia. Defendant is a wholly-owned subsidiary of Sound Reproductions, Inc., (Sound), a New Jersey corporation, which plaintiff had previously refused to franchise. Defendant and Sound operating together obtained and sold plaintiff's products in New Jersey below the fair trade prices. Plaintiff sought and obtained an injunction in New Jersey after a full trial on the merits and a final order thereon was entered February 8, 1974.

On or about February 3, 1974, and continuing to the commencement of this action, defendant published an advertisement in the *New York Times* (and later in the *Philadelphia Inquirer*) offering for sale practically the entire line of plaintiff's fair traded products at discount prices. The advertisements suggest ordering by mail from defendant and state "This sale is made and title passes in Washington, D. C. This sale is not effective until accepted in writing by District Sound."

This action was commenced October 15, 1974, by service on defendant of an order to show cause seeking an injunction *pendente lite*. The complaint was served October 16, 1974, in which plaintiff sought, *inter alia*, to permanently enjoin defendant from violating its fair trade agreement, to prohibit the advertising above complained of, and to recover damages.

In its verified answer, in addition to denials, defendant pleaded several affirmative defenses, including: lack of jurisdiction; laches; failure to state a cause of action because New York State's Fair Trade Law does not prohibit the activities complained of; and, that such law would be unconstitutional if applied to sales by defendant in interstate commerce.

After removal of the action to Federal court upon defendant's petition, the action was remanded on motion of plaintiff. The District Court (PIERCE, J.) concluded there was not present the required diversity of citizenship as alleged, nor, in the present posture of the case, did there appear to be a Federal question involved.

The primary aim of New York State's Fair Trade Law (General Business Law, art. 24-A, § 369-a *et seq.*) is to protect the property and good will of the producer or owner in his trade name or trade-mark from injury or unfair competition by price cutting or discounts on resale. The parties are usually free to contract with respect to such law, though nonsigners may be affected by the Fair Trade Law in intrastate and interstate

commerce. (*General Elec. Co.* v. *Masters, Inc.,* 307 N. Y. 229, app. dsmd. 348 U. S. 892; McGuire Act, 66 U. S. Stat. 631, U. S. Code, tit 15, § 45.) However, no relief can be obtained against a nonsigner unless it appears he has the necessary knowledge or notice of the fixed prices and all changes thereof at the time of sale (*Ampex Corp.* v. *Goody Audio Center,* 5 Misc 2d 1072). Relief will be afforded the owner or producer of the property as to property resold, where such resale occurs in a fair trade jurisdiction.

The advertisements in this case provided that, where orders are received, a sale is not effective until the order is accepted in writing. Moreover, the sale is made and title passes in Washington, D. C. The District of Columbia is a non-fair trade jurisdiction.

The McGuire Act seems to approve of a fair trade contract made in a fair trade State where such contract is to be performed in that State or another State which has fair trade laws (U. S. Code, tit. 15, § 45, subd. [a], par. [2]). However, paragraph (3) of subdivision (a) provides: " Nothing contained in this section or in any of the Antitrust Acts shall render unlawful the exercise or the enforcement of any right or right of action created by any statute, law, or public policy now or hereafter in effect in any State, Territory, or the District of Columbia, which in substance provides that willfully and knowingly advertising, offering for sale, or selling any commodity at less than the price or prices prescribed in such contracts or agreements whether the person so advertising, offering for sale, or selling is or is not a party to such a contract or agreement, is unfair competition and is actionable at the suit of any person damaged thereby."

In construing paragraph (3) of subdivision (a), it was said that " no enforcement action lies unless the resales in question occur in a fair trade state " (*General Elec. Co.* v. *Masters Mail Order Co.,* 244 F. 2d 681, 684, cert. den. 355 U. S. 824). The critical question which must be resolved is where did the sale occur?

In the *Masters* case, the facts are strikingly similar to those of this case. Defendant, a retail mail order discount house located in Washington, D. C., was a wholly owned subsidiary of a New York corporation. (In our case defendant is a wholly owned subsidiary of a New Jersey corporation.) Defendant sold General Electric appliances both over the counter and by mail order. It made sales by mail to consumers in New York at prices below the fair trade price fixed by General Electric.

The sales were pursuant to orders received in the District of Columbia on order forms marked "This Order Is Subject To Acceptance By Masters Mail Order Company In Washington, D. C." and "No Charge For Shipping." The order blanks were distributed by Masters in Washington, D. C. and by its parent corporation in New York.

General Electric brought action in the United States District Court for the Southern District of New York, to enjoin Masters from such sales. An injunction was granted and Masters appealed. In reversing the order, the United States Court of Appeals, Second Circuit (per CLARK, Ch. J., LUMBARD, J., dissenting) held that the New York Fair Trade (Feld-Crawford) Act was unenforceable against Masters located as it was in the District of Columbia, which did not have any fair trade laws. The court saw no reason to treat the advertisements and offers to sell differently from the sales themselves. It was in agreement that the critical factor was where title passed.

The court recognized the established principle that "The intent of the parties governs the passage of title between them" (*General Elec. Co.* v. *Masters Mail Order Co., supra.,* p. 685) and, after consideration of relevant factors, found that intent to be that title passed in Washington, D. C. The Court of Appeals was of the opinion that New York courts would apply the substantive law of the District of Columbia to the facts of the case and would reach a like result whether the New York courts regarded the place where title passes as critical or the retailer's location as controlling. The law of the State of sale would govern. (Cf. *Eastman Kodak Co.* v. *Masters, Inc.,* 7 Misc 2d 185 [now of doubtful authority]; see *Sunbeam Corp.* v. *Masters, Inc.* 157 F. Supp. 689, 691.) A like result was reached by the United States Court of Appeals, Fourth Circuit, in a case involving the Maryland Fair Trade Act, a law similar to our Fair Trade Law (see *Bissell Carpet Sweeper Co.* v. *Masters Mail Order Co.,* 140 F. Supp. 165 [Dist. Ct. Md.], affd. 240 F. 2d 684).

In the present case defendant is a District of Columbia corporation and its parent is a New Jersey corporation. Fair trade laws are in derogation of the common-law concept of free competition and are to be strictly construed. Where possible, however, the aim of such laws will be effectuated if such can be done without violence to recognized principles of law (for an excellent discussion of the subject, see, Advertising By Out-of-State-Mail-Order Vendors, Not Reached By Fair Trade Laws, 57 Col. L. Rev. 292). While Congress in adopting the McGuire

Act left the acceptance or rejection of fair trade legislation to the individual States, such legislation, where adopted, can hardly have such extraterritorial effect as to prohibit sales in States which have no such legislation. To apply the prohibition to newspaper advertising and a sale resulting therefrom would not only unduly hamper and restrict the right of free publication, but would permit one State to dominate or interfere improperly in the economic activities of another. "The state statute derives its authority from the federal statute, the McGuire Act, and in any conflict between the two the federal law prevails." (*Sunbeam Corp.* v. *Masters, Inc., supra.*, p. 691.)

The order appealed from should be modified on the law to grant the cross motion of defendant District Sound, Inc. for summary judgment. As so modified, the order is otherwise affirmed with costs to defendant District Sound, Inc.

Lupiano, Capozzoli and Lane, JJ., concur.

Order, Supreme Court, New York County, entered on November 21, 1974, unanimously modified, on the law, to grant the cross motion of defendant-respondent-appellant for summary judgment dismissing the complaint, and to sever the action as to it, and as so modified the order is otherwise affirmed. Defendant-respondent-appellant shall recover of plaintiff-appellant-respondent $60 costs and disbursements of these appeals.