■ ROSEMARIE SANTIESTEBAN et al., Respondents, v WILLIAM CROWDER et al., Appellants. [939 NYS2d 28]—

---

This derivative action concerns a 54-unit, low-income cooperative created pursuant to New York City's Tenants Interim Leasing Program in 1985. Plaintiffs, who are cooperative shareholders suing on behalf of themselves and the corporation, moved for summary judgment on their claims for breach of fiduciary duty, conversion, and waste, based on evidence that, while serving as directors of the cooperative and controlling its finances, defendants paid themselves salaries without authorization. The motion court granted partial summary judgment as to defendants' liability for the claims. We modify.

Plaintiffs submit entries from the cooperative's ledgers and other evidence indicating that defendants paid themselves or their children "management fees," "salary," and funds for "computers." The ledgers indicate that, from 2007 through 2009, the payments from corporate funds totaled about $220,000. The payments were never authorized by board resolution, although article 10, section 1 of the cooperative's bylaws provides that directors shall not be paid "for services performed by them for the corporation in any capacity, unless a resolution authorizing such remuneration is unanimously adopted by the Board before the services are undertaken."

Defendants admit that they each received 4% of the cooperative's monthly revenue but claim that they were entitled to the payments for acting as the cooperative's managers. Defendant William Crowder states that he was paid an additional $150 per week for serving as the building's superintendent. According to defendants, their services included collecting maintenance payments from the shareholders, trying to collect arrearages, administering the sale of units and attending closings, paying the cooperative's bills, maintaining the building and supervising repairs and other work.

In receiving the cooperative's funds, defendants unquestionably failed to comply with the bylaws, and their argument to the contrary is unavailing. They contend that a provision in the cooperative's offering plan that permitted self-management modified the bylaws' requirement that the board unanimously pass a resolution before directors could be paid for their services. However, the offering plan does not conflict with the provisions of the bylaws but instead supplements them. The compensation of directors to "self-manage" the cooperative still requires unanimous board approval.

Defendants' contention that the shareholders ratified the payments also fails. Defendants submit affidavits from other shareholders indicating that they knew defendants were being paid to manage and maintain the building, approved of the arrangement, and thought that the payments to defendants were comparable to what third parties would receive for the services. Claiming that the affidavits constitute ratification, defendants rely on a provision of the bylaws pursuant to which self-interested contracts or transactions between directors and the cooperative can be "authorized" by the shareholders. However, the provision contemplates authorization by a vote cast at a duly held shareholders' meeting, which never occurred.

Since defendants' payments to themselves were unauthorized, as a matter of law, they are liable for breach of fiduciary duty (*see Aronoff v Albanese*, 85 AD2d 3, 5 [1982]). However, as the motion court noted, plaintiffs must prove the actual damages, if any, that these payments caused the cooperative since defendants performed valuable services for the cooperative in exchange for the remuneration.

However, summary judgment should not have been granted to plaintiffs with respect to the claims that, by receiving the payments, defendants committed waste and conversion. The essence of a waste claim is "the diversion of corporate assets for improper or unnecessary purposes" (*id.* at 5). To disprove a waste claim, a director who had a personal interest in challenged payments has the burden of showing that they were made in good faith and were fair to the corporation (*id.*; *see also In re Franklin Natl. Bank Sec. Litig.*, 2 BR 687, 707 [ED NY 1979], *affd* 633 F2d 203 [2d Cir 1980] [applying New York law]). In this case, defendants raise issues of fact as to whether the payments they received, even if unauthorized, were made in good faith for the legitimate purpose of fairly compensating them for their services to the cooperative (*see Aronoff*, 85 AD2d at 4-7).

Plaintiffs are not entitled to summary judgment on their

conversion claim for unauthorized payments because their submission failed to establish all the elements of such a claim as a matter of law (*see Republic of Haiti v Duvalier*, 211 AD2d 379, 384 [1995]). The other allegedly converted property, which includes shares of the corporation, is not at issue in this appeal. Concur—Saxe J.P., Friedman, Renwick, DeGrasse and Freedman, JJ.