Little Rest Twelve, Inc. v Zajic (2020 NY Slip Op 05817)





Little Rest Twelve, Inc. v Zajic


2020 NY Slip Op 05817


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Renwick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 650209/10 Appeal No. 12068 Case No. 2018-20962 

[*1]Little Rest Twelve, Inc., Plaintiff-Respondent,
v
Nina Zajic, et al., Defendants-Appellants.


Heller Horowitz & Feit, P.C., New York (Stuart A. Blander of counsel), for appellants.
Russo PLLC, New York (Martin P. Russo of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Marcy S. Friedman, J.), entered January 23, 2018, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its cause of action for violation of Business Corporation Law (BCL) § 720(a)(1)(B) as against defendant Nina Zajic and on its cause of action for unjust enrichment as against defendant David Kay (David), unanimously affirmed, with costs.
The threshold question for the motion court was whether to accord collateral estoppel effect to a bankruptcy court ruling whose import was that Joseph Kay (Joseph) had never owned plaintiff (Little Rest) (see In re Fisher Is. Invs., Inc. v Solby+Westbrae Partners, 778 F3d 1172 [11th Cir 2015]). According to that ruling collateral estoppel effect would resolve, inter alia, whether Zajic and David had been corporate directors and, consequently, whether the fund transfers that plaintiff challenges in this action had in fact been authorized. The bankruptcy court, presented with a dispute over who owned and controlled Little Rest, was required to determine the issue of Little Rest's ownership. Thus, the motion court correctly applied the doctrine of collateral estoppel in this action (see Mutual Benefits Offshore Fund, Ltd. v Zeltser [Mutual Benefits], 172 AD3d 648, 650 n 2 [1st Dept 2019], lv dismissed 35 NY3d 933 [2020]).
With respect to the cause of action for violation of BCL § 720(a)(1)(B), plaintiff made a prima facie showing that millions of dollars' worth of self-interested and otherwise wasteful transactions were effected by Zajic for her own benefit and for the benefit of David and Joseph. In opposition, defendants offered broad and unsubstantiated assertions, which were insufficient to raise an issue of fact as to whether the subject transactions were made in good faith and were fair to Little Rest (see SantiEsteban v Crowder, 92 AD3d 544, 546 [1st Dept 2012]; see generally Amfesco Indus. v Greenblatt, 172 AD2d 261, 265 [1st Dept 1991]).
Nor did defendants submit evidence to support their contention that the expenditures for which plaintiff seeks recovery in unjust enrichment, i.e., some $288,000 for a luxury car lease and Manhattan rental apartment for David, were reasonable or fair for a company to make on behalf of a young restaurant manager earning $60,000 per year (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020