Jadidian v Goldstein (2022 NY Slip Op 06695)

Jadidian v Goldstein

2022 NY Slip Op 06695

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-06459
 (Index No. 706881/21)

[*1]Vahid Jadidian, etc., et al., appellants, 
v
Robert Goldstein, etc., et al., respondents.

John Ciurcina Attorney at Law LLC, Garden City, NY (Louis R. Lombardi of counsel), for appellants.
L'Abbate, Balkin, Colavita & Contini, LLP, Melville, NY (William T. McCaffery of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered August 4, 2021. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of fiduciary duty and denied, as academic, the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 24, 2021, the plaintiffs commenced this action against their former attorneys to recover damages for legal malpractice and breach of fiduciary duty. The plaintiffs alleged, inter alia, that the defendants committed legal malpractice in connection with their representation of the plaintiffs in three prior actions, each of which settled on October 16, 2015. The plaintiffs also alleged that "[i]n an attempt to cover up their . . . negligence" in connection with the three underlying actions, the defendants commenced a prior legal malpractice action on the plaintiffs' behalf against prior counsel who had represented the plaintiffs in one of the underlying actions.
In May 2021, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, asserting, among other things, that the plaintiffs' causes of action were time-barred. The plaintiffs cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint. In an order entered August 4, 2021, the Supreme Court granted the defendants' motion and denied, as academic, the plaintiffs' cross motion. The plaintiffs appeal from so much of the order as granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of fiduciary duty and denied, as academic, the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging breach of fiduciary duty. There is no single statute of limitations for causes of action alleging breach of fiduciary duty (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139; Matter of Hersh, 198 AD3d [*2]766, 769). "Where the relief sought is equitable in nature, the statute of limitations is six years, and where the relief sought is purely monetary, the statute of limitations is generally three years" (Matter of Hersh, 198 AD3d at 769). However, "regardless of the relief sought, 'where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213(8)'" (id., quoting IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 139; see McDonnell v Bradley, 109 AD3d 592, 594). A cause of action alleging breach of fiduciary duty "accrues at the time of the [alleged] breach, even though the injured party may not know of the existence of the wrong or injury" (Matter of Hersh, 198 AD3d at 769 [internal quotation marks omitted]; see Sternberg v Continuum Health Partners, Inc., 186 AD3d 1554, 1557).
Here, the cause of action alleging breach of fiduciary duty was subject to a three-year statute of limitations since the relief sought was monetary in nature and the complaint failed to allege all the requisite elements of fraud, including justifiable reliance (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 562; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 140; Oppedisano v D'Agostino, 196 AD3d 497, 499). As the plaintiffs maintain, the cause of action alleging breach of fiduciary duty began to run, at the latest, on January 11, 2016, when the defendants allegedly commenced the prior legal malpractice action "to cover up their . . . negligence." Thus, since the plaintiffs did not commence the instant action until March 24, 2021, more than three years later, the cause of action alleging breach of fiduciary duty was time-barred.
The plaintiffs' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of fiduciary duty and denied, as academic, the plaintiffs' cross motion for leave to amend the complaint.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court