Bastidas v Garcia (2024 NY Slip Op 50073(U))

[*1]

Bastidas v Garcia

2024 NY Slip Op 50073(U)

Decided on January 23, 2024

Supreme Court, Queens County

Livote, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2024
Supreme Court, Queens County

Alberto J. Bastidas, a shareholder of JGAB, INC. suing derivatively on behalf of JGAB, INC., Plaintiff,

against
Javier Garcia, CARIO INC. d/b/a MAMA'S EMPANADAS, CASO INC. d/b/a MAMA'S EMPANADAS, and LAVIANA INC. d/b/a MAMA'S EMPANADAS, Defendants, JGAB, INC., Nominal Defendant.

Index No. 704700/2018

Leonard Livote, J.

The following numbered papers read on this motion by the defendants Javier Garcia, Cario Inc. d/b/a Mama's Empanadas (Cario), Caso Inc. d/b/a Mama's Empanadas, and Laviana Inc. d/b/a Mama's Empanadas for summary judgment dismissing the complaint.
Papers Numbered
Notice of Motion-Affirmation-Affidavit-Exhibits EF 97-111
Answering Affidavit - Exhibits EF 117-121
Reply Memorandum EF 126
Upon the foregoing papers it is ordered that the motion is determined as follows:
On March 28, 2018, the plaintiff Alberto J. Bastidas, a shareholder of JGAB, Inc. suing derivatively on behalf of JGAB, Inc. commenced this action to recover damages and for equitable relief against defendants arising from Garcia's alleged acts in opening restaurants using JGAB's trademarked name, Mama's Empanadas (trademark), which competed with JGAB's original restaurant of the same name (original restaurant), causing the original restaurant to close by failing to pay its taxes, and improperly transferring the trademark to other corporate entities. According to the complaint, plaintiff is president, Garcia is vice president, each of them are 50% [*2]shareholders of JGAB, and both are the only members of JGAB's board of directors. The complaint asserts causes of action for breach of fiduciary duty and waste against Garcia, unjust enrichment, conversion, unfair competition, and trademark infringement against all defendants, and pursuant to Business Corporation Law § 713 to vacate transfer of the trademark against Garcia and Cario. Defendants now move for summary judgment dismissing the complaint.
Plaintiff bases all his claims on allegations that Garcia violated his duty as an officer and director of JGAB by opening four restaurants that competed with the original restaurant and used the trademark without paying JGAB a royalty, causing JGAB's dissolution by failing to pay its expenses, and transferring the trademark to Cario without approval of JGAB's board of directors or shareholders. To support their motion, defendants present Garcia's affidavit sworn January 20, 2023, in which he attested that he and plaintiff agreed that each of them could use the trademark for other restaurants as long as they did not draw business away from the original restaurant and were operated by business entities that one of them owned. Defendants also point to plaintiff's deposition testimony that he and Garcia owned the trademark and were free to use it without paying a royalty. Defendants also deny that Garcia caused JGAB's dissolution.
Defendants first argue that the breach of fiduciary duty claim is time-barred. Since plaintiff seeks monetary damages from Garcia and does not allege he committed fraud, the breach of fiduciary claim is subject to the three-year statute of limitations (see Jadidian v Goldstein, 210 AD3d 969, 970 [2d Dept 2022]; LMEG Wireless, LLC v Farro, 190 AD3d 716, 719—20 [2d Dept 2021]; Siegler v Lippe, 189 AD3d 903, 905 [2d Dept 2020]). The limitations period begins to run when defendant openly repudiated the fiduciary obligation (see Siegler, 189 AD3d at 905). Since plaintiff claims Garcia breached his fiduciary duty by opening competing restaurants from 2004 to 2011, and plaintiff commenced this action in 2018, the breach of fiduciary duty claim is time-barred (see Jadidian, 210 AD3d at 970). Under those circumstances, even accepting plaintiff's argument in opposition that the six-year statute of limitations applied, the breach of fiduciary duty claim would still be time-barred. The court rejects plaintiff's fixing Garcia's repudiation of fiduciary duties to 2013, when New York State closed JGAB, as it ignores the complaint's allegations of Garcia's conduct for years prior to that closure and allegedly causing it. Plaintiff also contends that the statute of limitations is tolled by the continuing wrongs doctrine, which must be based on "continuing unlawful acts and not the continuing effects of earlier unlawful conduct" (see Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721—22 [2d Dept 2019]; Affordable Hous. Assoc., Inc. v Town of Brookhaven, 150 AD3d 800, 802—03 [2d Dept 2017]). Here, Garcia's alleged opening of a restaurant in 2004 constituted the repudiation of his fiduciary duty by which plaintiff was damaged, such that his future actions merely constituted consequences of that initial act (see generally Matter of Salomon, 174 AD3d at 721—22; Affordable Hous. Assoc., Inc., 150 AD3d at 803; Pike v New York Life Ins. Co., 72 AD3d 1043, 1048 [2d Dept 2010]). Moreover, even viewing each subsequent restaurant opening and their use of the trademark by Garcia as independent improper acts, the allegation that he opened them from 2004 through 2011 still renders time-barred the action commenced in 2018. Therefore, dismissal of the breach of fiduciary duty claim is appropriate.
The second cause of action for waste is based on the allegations that Garcia failed to pay [*3]JGAB's expenses, which allowed him to take over the original restaurant and deprive JGAB of its asset. Diverting corporate assets for improper or unnecessary purposes constitutes waste (see SantiEsteban v Crowder, 92 AD3d 544, 546 [2d Dept 2012]; Aronoff v Albanese, 85 AD2d 3, 5 [2d Dept 1982]). A defendant may disprove a waste claim by demonstrating that the diversions were made in good faith and fair to the corporation (see SantiEsteban, 92 AD3d at 546). Garcia attested that plaintiff ran the corporation and was responsible for its finances. However, plaintiff testified that he and Garcia paid JGAB's bills. Although Garcia also attested that he only took money from the corporation when he and plaintiff would split profits, plaintiff testified that Garcia took money from JGAB's safe without his knowledge, which prevented plaintiff from paying JGAB's expenses. Considering the factual dispute between plaintiff's testimony and Garcia's affidavit, dismissal of the waste claim is not warranted.
With respect to the third cause of action for unjust enrichment, plaintiff must prove that another party was enriched, at plaintiff's expense, and that the other party's retention of the thing sought to be recovered is against equity and good conscience (see Fortuna Design & Constr., Inc. v 888 Crescent, LLC, 221 AD3d 861, 863 [2d Dept 2023]; Canas v Oshiro, 221 AD3d 650, 651 [2d Dept 2023]). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon NY, Inc., 18 NY3d 777, 790—91 [2012]). Here, since the breach of fiduciary duty claim is time-barred as set forth above, the court rejects defendants' contention that the unjust enrichment claim duplicates it. In any event, the factual issues whether Garcia was permitted to operate restaurants using the trademark, took money from JGAB's safe, and caused JGAB's dissolution by failing to pay its expenses preclude summary judgment dismissing the unjust enrichment claim (see Canas, 221 AD3d at 651).
Regarding the fourth cause of action, conversion requires proof of plaintiff's ownership or superior possessory right to identifiable property and defendants' unauthorized exercise of dominion over the property excluding plaintiff's right (see Mohrman v Johns, 210 AD3d 1075, 1076 [2d Dept 2022]; Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 956 [2d Dept 2022]). A conversion claim may be based on specifically identifiable money (see Abraham v. Torati, 219 AD3d 1275, 1282 [2d Dept 2023]; Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777—78 [2d Dept 2017]), such as specific settlement proceeds (see RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP, 195 AD3d 968, 970 [2d Dept 2021]). Although defendants establish that plaintiff's conversion claim is not based on specifically identifiable money, they fail to demonstrate that the trademark is not a proper subject for a conversion claim. Defendants mistakenly rely on Thyroff v Nationwide Mut. Ins. Co. (8 NY3d 283, 292—93 [2007]) to support their contention that a conversion claim may not be based on intangible property. To the contrary, the Court of Appeals held that a conversion claim may be based on electronic records, which were intangible property (see id. at 292-93). In addition, the purpose of the Fair Trade Law is "to protect the property and good will of the producer or owner in his trade name or trade-mark from injury or unfair competition by price cutting or discounts on resale" (U. S. Pioneer Elecs. Corp. v Dist. Sound, 47 AD2d 142, 144 [1st Dept 1975]), which indicates that a property interest in a trademark may exist. Thus, dismissal of the conversion cause of action is unwarranted.
The fifth cause of action seeks to vacate the allegedly improper transfer of the trademark to Cario pursuant to Business Corporation Law § 713. Business Corporation Law § 713 [b] permits a corporation to void a transaction with another corporation in which at least one of its directors are directors or officers of or have a substantial financial interest in the other corporation, where the transaction was not approved pursuant to Business Corporation Law § 713 [a], unless it is shown to be fair and reasonable to the corporation. Generally, Garcia's interest in Cario must be disclosed or known to the board of directors or its committee, or the shareholders, any of which must then approve the transaction (see Business Corporation Law § 713 [a]). The parties do not dispute that plaintiff and Garcia are both 50% shareholders of JGAB and that they are the only directors. Even assuming plaintiff knew of Garcia's interest in Cario at the time of the transfer, Garcia merely attests that he transferred the trademark to Cario. Defendants fail to present evidence that JGAB's board of directors or the shareholders approved the transfer (see Sardanis v Sumitomo Corp., 282 AD2d 322, 324 [1st Dept 2001]), or that it was fair and reasonable to JGAB (see Ench v Breslin, 241 AD2d 475, 477 [2d Dept 1997]), which would show that it was not void. Although defendants question the viability of this claim after JGAB's dissolution, dissolution does not affect the remedies available to plaintiff before dissolution (see Business Corporation Law § 1006 [b]; Independent Inv. Protective League v Time, Inc., 50 NY2d 259, 264 [1980]). Defendants also do not support their assertion that the trademark lacks value or that JGAB abandoned it. Under the circumstances, defendants are not entitled to dismissal of this cause of action.
Regarding the sixth cause of action for unfair competition, to establish such a claim, plaintiff must show that defendants wrongfully diverted plaintiff's business to defendants' business (see CSI Group, LLP v Harper, 153 AD3d 1314, 1319 [2d Dept 2017]; Baldeo v Majeed, 150 AD3d 942, 944 [2d Dept 2017]). Here, considering the factual issues whether plaintiff and Garcia were allowed to operate other restaurants using the trademark, summary judgment dismissing the unfair competition claim is inappropriate (see generally Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 478 [2d Dept 2009]).
With respect to the seventh cause of action, to prove statutory and common-law trademark infringement as alleged in this action, plaintiff must show that defendants used the trademark without JBAG's consent in a matter likely to cause confusion, mistake or deception regarding the origin of goods or services (see General Business Law § 360-k [a]; Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 578 [2d Dept 2008]; Matter of Fireman's Assn. of State of NY v French Am. School of NY, 41 AD3d 925, 927—28 [3d Dept 2007]; Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc., 20 AD3d 439, 439—40 [2d Dept 2005]). Defendants argue that plaintiff cannot demonstrate a likelihood of confusion from their use of the trademark. However, defendants seeking summary judgment dismissing a complaint cannot meet their burden by pointing to gaps in plaintiff's evidence (see Maharaj v Kreidenweis, 214 AD3d 717, 719—20 [2d Dept 2023]; Padel v Nisanov, 203 AD3d 1058, 1058—59 [2d Dept 2022]). Contrary to defendants' contention, plaintiff's remedies for trademark infringement are not limited to injunctive relief (see General Business Law § 360-m). Moreover, defendants' evidence fails to eliminate fact issues regarding consent for defendants' use of the trademark which renders dismissal of this claim inappropriate.
Finally, defendants contend that plaintiff's claims are barred by in pari delicto, which "mandates that the courts will not intercede to resolve a dispute between two wrongdoers" (Kirschner v KPMG LLP, 15 NY3d 446, 464 [2010]; Candlewood Holdings, Inc. v Valle, 134 AD3d 872, 874 [2d Dept 2015]). The parties do not dispute that JGAB was dissolved by New York State for failing to pay taxes. Defendants point to plaintiff's testimony admitting that the failure to pay taxes was partly his fault. However, plaintiff testified that the tax arrears arose from both his and Garcia's failure to pay the taxes. Moreover, the dispute whether both plaintiff and Garcia were responsible for paying JGAB's expenses raise factual issues, particularly considering plaintiff's testimony that Garcia refused to pay half of the arrears. Plaintiff's testimony that Garcia removed money from JGAB's safe to the extent that JGAB could not pay its expenses raises the question whether plaintiff's failure to pay the tax was due to wrongdoing on his part. Further, Garcia attested only that he believed JGAB did not have the funds necessary to pay because of a decline in business. These factual issues prevent application of the doctrine to dismiss the complaint (see generally Conway v Marcum & Kliegman LLP, 176 AD3d 477, 477—78 [1st Dept 2019]; Whitney Group, LLC v. Hunt-Scanlon Corp., 106 AD3d 671, 672 [1st Dept 2013]).
Accordingly, the branch of defendants' motion for summary judgment dismissing the breach of fiduciary duty claim is granted and the first cause of action is dismissed. The remaining branches of defendants' motion are denied.
Dated: January 23, 2024
Hon. Leonard Livote, J.S.C.